47 So.2d 527 (1950)
NEWBY
v.
WEST PALM BEACH WATER CO.
Supreme Court of Florida, en Banc.
July 21, 1950.
L.H. Brannon, Delray Beach, and Robert E. Hathaway, West Palm Beach, for appellant.
Scott M. Loftin, Robert H. Anderson, William S. Frates and Loftin, Anderson, Scott, McCarthy & Preston, Miami, for appellee.
TERRELL, Justice.
Appellee, West Palm Beach Water Company, owned, operated and controlled a plant for treating, storing and distributing water to the City of West Palm Beach. One feature of this plant was a reservoir 120 feet long, 50 feet wide and 14 feet deep when filled with water. The reservoir was within the corporate limits of the city. It was not fenced and was on lands owned by defendant. It was surrounded by grass lands or lawns and as one approached it the land rose about seven feet above the general ground level. At the top of the elevation *528 the reservoir was surrounded by a concrete curbing about eight inches high and ten inches wide. On the inside it slanted gradually to the bottom. A part of the equipment of the reservoir was a series of pipes which sprayed water into the air reflecting light rays in rainbow colors. The reservoir was located about 75 feet from the highway adjacent to a thickly populated area of the City of West Palm Beach.
August 3, 1947, a child of appellant, eight years and ten months old, approached the reservoir and while playing near it, fell into the water and was drowned. This action was brought by the appellant father to recover damages for the negligent death of his minor child. A demurrer to the declaration was sustained, final judgment was entered for the defendant and the plaintiff appealed.
The court below sustained the demurrer to the declaration and entered final judgment for the defendant on the theory that the plaintiff's declaration failed to state a cause of action under the rule announced by this Court in Allen v. Williams P. McDonald Corporation, 42 So.2d 706. In that case we were concerned with an artificial pond, constructed in a thickly populated area of Polk County, adjacent to which the owner left spoil banks of white sand that attracted children of tender years, one of whom, a child two and one-half years of age, slid down the spoil bank into the water and was drowned. We applied the attractive nuisance doctrine to this state of facts and reversed the judgment of the trial court holding to the contrary.
In the case at bar we are confronted with an artificial lake or reservoir into which a child almost nine years old fell and was drowned. There were no sand banks adjacent to it. In fact, it had to be approached by a gradual climb of seven feet above the terrain where it was surrounded by an eight inch curb. In Allen v. William P. McDonald Corporation we approved the general rule that the owners of artificial lakes, fish ponds, mill ponds, gin ponds and other pools, streams and bodies of water, are not guilty of actionable negligence on account of drownings therein unless they are constructed so as to constitute a trap or raft or unless there is some unusual element of danger lurking about them not existent in ponds generally.
The attractive nuisance doctrine may protect one against another's negligence, but it does not presume to protect him against his fault, bad luck, improvidence or misfortune. As much as we may sympathize with the victims of these concepts, the law nor the welfare state have yet devised a means to compensate for them. The defeat of laudable aims is often not compensable under law. Legal remedies should not be confused with Good Samaritan impulses. The Courts may enforce the former but they have no power to relieve against delicts of the latter.
We are therefore driven to the conclusion that the declaration fails to state a cause of action, that the water spray with rainbow effect was not the proximate cause of the plaintiff's child falling into the water, and it is not shown that the reservoir was constructed so as to constitute an unusual element of danger. In Allen v. William P. McDonald Corporation the sand banks not only attracted the child to the water but were the proximate cause of the drowning.
So the decree is affirmed.
Affirmed.
ADAMS, C.J., and CHAPMAN, THOMAS, SEBRING and HOBSON, JJ., concur.
ROBERTS, J., dissents.
ROBERTS Justice (dissenting).
I think the tank in the operation described is an attractive nuisance to children. There appears no reason whatever why the water company should not fence this hazard. In my opinion, the liability is greater than that sustained by this court in Allen v. William P. McDonald Corporation, Fla., 42 So.2d 706.