Eddie Wesley HUNTER, Sr., and Eddie Wesley Hunter, Jr., a minor, by and through his next friend and father, Eddie Wesley Hunter, Sr., Plaintiffs,

v.

J. C. TURNER LUMBER COMPANY, a New York corporation, Defendant.

Civ. A. No. 744.

United States District Court
N. D. Florida,
Tallahassee Division.

Sept. 27, 1960.

J. B. Hodges, Lake City, Fla., John L. Westberry, Perry, Fla., for plaintiffs.

A. Frank O'Kelley and Charles Friend, Keen, O'Kelley & Spitz, Tallahassee, Fla., for defendant.

CARSWELL, Chief Judge.

This action was brought in behalf of plaintiff's minor son alleging that the boy was injured when he fell from a stack of defendant's lumber. The complaint embraces the classic elements of the attractive nuisance doctrine; the boy was using ordinary care for his own safety for one of his age, experience, intelligence and capacity; he was attracted and lured to defendant's lumber yard; he did not know *the dangers of climbing* upon stacks of lumber. There are allegations of defendant's negligence and failing to warn the boy of the danger of coming in close proximity to the stacks, and in failing to guard or protect the premises so as to prevent him from coming within the immediate vicinity.

■ Florida subscribes to the attractive nuisance doctrine and permits thereunder recovery for a child of tender years even though he be a trespasser on defendant's property and despite conduct on the child's part which would clearly be contributory negligence, and a resulting bar if committed by an adult. See 23 Fla.Jur. 304, Negligence, Section 63; 38 Am.Jur. 803, Negligence, Section 142.

Based upon affidavits and depositions of each of the parents and of the son, the defendant moved for summary judgment on the grounds that it affirmatively appears that this minor was of sufficient age, intelligence, and experience to comprehend and appreciate the danger inherent in climbing upon stacks of lumber, and that he was, in fact, specifically warned of this particular hazard prior to his injury.

■ The admitted facts show that the minor reached his thirteenth birthday one month after the date of injury. He was in the 8th grade in school, and his marks in class were average. He indulged in the normal interests of thirteen year old boys. His parents state that he suffered neither memory lapses nor other mental defects, and from his own deposition it is clear that he understood the questions propounded to him by counsel. His answers were responsive and showed no lack of intelligence on his part. The depositions further show that, although he was obedient, the boy had been warned on many occasions by his mother, father and others of the danger incident to playing in the lumber yard. These dangers included the possibility of the stacks falling upon him and also his falling from the stacks while climbing. He explained the warnings and dangers which had been previously pointed out to him.

It is to be noted that the boy fell from the stack. No lumber fell upon him, nor did the stack cave in upon him or beneath him. There is no contention here that there was anything defective in the stacking or nature of the lumber itself which might be considered a hidden defect to trap the unwary.

Many jurisdictions hold that a lumber pile or properly stacked building materials cannot be regarded peculiarly attractive within the meaning of the doctrine. Pollard v. McGreggors, 1924, 239 Ala. 467, 195 So. 736 (crossties); Lovell v. Southern Railway Co., 1952, 257 Ala. 561, 59 So.2d 807 (steel girders); Manos v. Myers-Miller Furniture Co., 1924, 32 Ga.App. 644, 124 S.E. 357 (wooden shelves); Lynch v. Knopp, 118 La. 611, 43 So. 252, 8 L.R.A.,N.S., 480 (lumber). There are many cases which hold that stacked lumber or building materials are not regarded as inherently dangerous. Branan v. Wimsatt, 54 App.D.C. 374, 298 F. 833 (D.C.1924); Manos v. Myers-Miller, supra. While there are cases in some jurisdictions to the contrary, it is more reasonable to find such stacks inherently dangerous only when it is the condition of the stack which is dangerous or which causes the injury.

 The facts here are not at all similar to those in Atlantic Peninsular Holding Co., v. Oenbrink, 1938, 133 Fla. 325, 182 So. 812, where the Court found the defendant liable for the death of a twelve year old boy who entered on the premises of an unfinished building. In that case the floor in front of an unguarded elevator shaft caved in and the boy fell to his death. In that situation it is plain that all other elements of the attractive nuisance doctrine being present, the defect was of such a nature as to be unappreciated by even a normal adult. In the case before this Court we have a pile of lumber securely stacked which was climbed upon by the minor. His injury occurred when he fell from that stack. Nothing more can be made of it. The attractive nuisance doctrine may protect one against another's negligence but it does not protect him against his fault, bad luck, improvidence or misfortune. Newby v. West Palm Beach Water Co., Fla.1950, 47 So.2d 527. Likewise the doctrine is not applicable where the danger is obvious and patent. Republic Steel Corp. v. Tillery, 261 Ala. 34, 72 So.2d 719.

Accordingly, upon the uncontradicted facts of this boy's age, intelligence, experience and capacity, and upon the fact of his actual warning prior to the injury of the obvious danger of falling, the Court finds as a matter of law that he was of such ability to know and perceive the patent danger of climbing upon the lumber stacks.

Order in conformity herewith is entered this date.