147 So.2d 5 (1962)
Frank Ellison EDWARDS, As the Father of Kenneth Edwards, a Minor Child, Now Deceased, Appellant,
v.
MAULE INDUSTRIES, INC., a Florida Corporation, Appellee.
No. 62-203.
District Court of Appeal of Florida. Third District.
November 27, 1962.
*6 Monroe Gelb, Miami, for appellant.
Dean, Adams, Fischer & Gautier, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and CARROLL, JJ.
PEARSON, TILLMAN, Chief Judge.
Frank Ellison Edwards sued the defendant, Maule Industries, Inc., for the death of his minor child. The complaint sounded in negligence under the attractive nuisance doctrine. The trial court dismissed the complaint without leave to amend and the plaintiff brings this appeal. We affirm.
It should be pointed out that the plaintiff did not apply for permission to amend his complaint, nor does he now urge error upon the court's failure to grant leave to amend.
The complaint[1] in essence alleged that the defendant maintained a pile or piles *7 of sand so placed upon its property as to be attractive to children; that said sand was left without adequate or sufficient supports so that one walking upon the sand was likely to topple and fall and sink within the sand; further, that the plaintiff's minor child, 13 years of age, went upon this sand and that the sand pile caved in on top on him. Appellant and appellee agree that the issue is whether or not the sand pile as described constituted an attractive nuisance. Are the facts alleged sufficient to state a cause of action under this doctrine? The many cases in this state discussing the attractive nuisance doctrine clearly establish that for the doctrine to be applicable, two separate elements must exist: the condition maintained by the defendant must be attractive to children and the condition must be inherently dangerous and constitute a trap. Allen v. William P. McDonald Corp., Fla. 1949, 42 So.2d 706; Carter v. Livesay Window Co., Fla. 1954, 73 So.2d 411; Larnel Builders, Inc. v. Martin, Fla.App. 1958, 105 So.2d 580.
In accord with this principal, certain conditions, although attractive to children, have been held not to be within the application of the doctrine because they were not inherently dangerous. In Banks v. Mason, Fla.App. 1961, 132 So.2d 219, a swimming pool without a fence, guard rail or safety device was held not to be an attractive nuisance; see Adler v. Copeland, Fla.App. 1958, 105 So.2d 594. Miller v. Guernsey Construction Co., Fla.App. 1959, 112 So.2d 55 held that an unfinished building in the orderly process of construction was not an attractive nuisance. In Hunter v. J.C. Turner Lumber Co., 187 F. Supp. 646 (N.D. Fla. 1960), holding that under the circumstances there extant stacked lumber was not an attractive nuisance, the United States District Court for the Northern District of Florida noted the absence of an allegation that the lumber was so stacked as to constitute a hidden defect to trap the unwary.
Our research has not revealed, nor has there been cited to us, a case in any jurisdiction holding that a sand pile unconnected with a condition constituting an additional danger is of itself an attractive nuisance. To allege that because the sand pile was left "* * * without adequate or sufficient supports. * * *" it "* * * did cave in on top of said minor child" is a nonsequitur. Human experience does not supply the necessary characteristics to an ordinary sand pile which would constitute it an attractive nuisance inasmuch as there is no hidden element of danger existing therein.
Because an essential allegation will not be imported into a declaration by inference[2] and the allegations of a complaint *8 are construed most strongly against the pleader,[3] we conclude that the plaintiff failed to allege facts sufficient to show that the condition maintained by the defendant on its property was inherently dangerous. The complaint, therefore, failed to state a cause of action under the attractive nuisance doctrine. This being true and the facts alleged being insufficient to state a cause of action without the aid of the doctrine, the court correctly dismissed the complaint.
Affirmed.
NOTES
[1] The complaint except for formal allegations was as follows:

"I.
"That the said defendant, on and before the 8th day of October, 1961, was the owner of and did manage and control certain real property located in the vicinity of Flagler Street and east of Milam Dairy Road, and did own, operate and control a certain sandpile on said real property that was attractive to children of the age of plaintiff's son, and said sandpile was exceedingly dangerous when left unguarded.
"II.
"That said pile or piles of sand, including various and other sundry items, were so placed and disposed that they were readily visible to children on the immediately adjacent public highways and thereby created a situation which was extremely alluring and attractive to youngsters and well calculated to allure and attract them from said public highways to said premises.
"III.
"That on or prior to October 8, 1961, the defendant by its agents, servants and employees, in its behalf, had placed a large pile of sand and left it without adequate or sufficient supports, so that anyone walking on said sand was likely to topple and fall and sink within said sand so as to cause serious injury and death.
"IV.
"That at and prior to the time of the accident hereinafter complained of, the plaintiff's son was a minor of thirteen (13) years of age and was in the exercise of ordinary care for his own safety for one of his age, experience, intelligence, capacity and discretion.
"V.
"That shortly prior to the accident hereinafter complained of, the plaintiff's son saw a set of alluring and attractive conditions on said premises, and being attracted thereby, went on said premises to play.
"VI.
"That at the time of and prior to the accident hereinafter complained of, the defendant, by its agents, servants and employees, in its behalf:
"(1) Carelessly and negligently caused, permitted and allowed said piles of sand to be and remain in an unsafe, dangerous and unstable condition so that any children who might be attracted to them would have the hazard of sinking into said sand, inflicting serious or fatal injuries.
"(2) Carelessly and negligently failed to warn the plaintiff's son of the danger of coming in close proximity to said pile or piles of sand which were then in a dangerously unsafe and unstable condition.
"(3) Carelessly and negligently failed to take reasonable precautions to guard or protect said premises, or to prevent said children from coming within the immediate vicinity of said pile or piles of sand, which were then in a dangerous, unsafe and unstable condition and likely to cause harm and injuries to any children who would be playing on said sand.
"VIII.
"That the defendant knew of the fact that children were attracted on to said premises as aforesaid prior to said occurrence, or in the exercise of ordinary care would have known of said circumstances in time, in the exercise of said care, to have remedied and corrected the dangerous condition mentioned aforesaid, or to have taken reasonable precautions to protect said children from injury or death on said premises prior to the injury and death of the plaintiff's son complained of herein.
"That as a direct and proximate result and in consequence of one or more of said negligent acts of the defendant, the said sandpile did cave in on top of said minor child. As a result thereof, said minor child was killed."
[2] Southern Liquor Distributors v. Kaiser, 150 Fla. 52, 7 So.2d 600.
[3] Matthews v. Matthews, Fla.App. 1960, 122 So.2d 571.