HENDRY, Judge.
Plaintiffs seek review of an order dismissing with prejudice their amended complaint for failure to state a cause of action.
Plaintiff, Michelle Borden, a chid, went upon defendant’s property and was injured while playing with a steel market cart located on the grass. She and her father sought damages on the theory that the market cart was an attractive nuisance, fraught with danger to young children. They allege that defendants allowed the cart to remain on their premises without taking the necessary precautions to prevent minor children from playing with it. Defendant’s motion to dismiss was granted and this ap- . peal follows.
 We agree with the trial court and affirm the dismissal. The law is well settled in Florida that in order for an injury to be actionable under the attractive nuisance doctrine it must appear that the condition constituting the alleged attractive nuisance is one which the possessor knows or should know and which he realizes or should realize involves an unreasonable risk of death or serious bodily harm to children.[1] Or, put another way, that the condition must be inherently dangerous.[2]
We conclude that plaintiffs have failed to allege facts sufficient in law to show that the steel market cart located on defendant’s property was inherently dangerous. The complaint therefore was properly dismissed.
Affirmed.

. See Cockerham v. R. E. Vaughan, Inc., Fla.1955, 82 So.2d 890.

. Edwards v. Maule Industries, Inc., Fla.App.1962, 147 So.2d 5.