WIGGINTON, Justice.
Plaintiff has appealed a final judgment entered in favor of defendant pursuant to its motion for judgment in accordance with his motion for directed verdict made at the close of the evidence. Appellant contends that the evidence adduced at the trial created jury issues on all material facts, and that the court erred in concluding as a matter of law that plaintiff had failed to establish the issue of liability.
Plaintiff minor child was five and one-half years old at the time he received the injuries which resulted in the damages for which this action was brought. Defendant, a residential builder, cleared from a lot owned by him in a subdivision the trees and underbrush preparatory to commencing construction thereon of a dwelling. Defendant was aware that many children living in the neighborhood of his vacant lot frequently utilized it as a playground. On the critical date defendant stacked the cut underbrush and trees in a pile some six feet high, twenty feet in diameter, around which he built a mound six to eight inches high for the purpose of containing the fire he intended to set. He set the pile of brush afire about nine-thirty in the morning of a clear day, and remained on the premises until about one-thirty or two o’clock in the afternoon when he departed therefrom. Before defendant left the scene the underbrush had been almost completely burned, coals were burning brightly beneath the trunks of the several trees which had been placed on top of the brush pile, and very little flame from the fire was visible. No one was left to attend the fire after defendant departed. He testified, however, that even though no children were playing in the vicinity of the lot when he left, nor had any been in that area during the day, he nevertheless assumed that children would or might later come upon the lot to play.
At about four o’clock in the afternoon after defendant departed the scene, plaintiff minor child, accompanied by a companion, went upon defendant’s lot to play. He later told his father and another witness that he was standing on one of the logs trying to put out the fire when he slipped from the log and fell into the coals, severely burning his hands. It was for the damages resulting from the injuries thus sustained by him that plaintiff brought suit.
At the conclusion of the evidence defendant moved the court for a directed verdict, on which motion ruling was reserved. The jury was unable to agree upon a verdict and a mistrial was ordered by the court. It was then that defendant moved for final judgment in accordance with his motion for directed verdict, which motion was granted and judgment entered. It is from that judgment that this appeal is taken.
In the case of Cockerham v. R. E. Vaughan, Inc.[1] the Supreme Court considered an appeal in an action for damages suffered as a result of injury sustained by an infant who fell in a hole which had been dug by the defendant contractor for installation of a septic tank. The basis of the action was the attractive nuisance doctrine. The court held that the rule of liability applicable to a possessor of land in a suit brought pursuant to the attractive nuisance doctrine is summarized in Section 339, Restatement, Torts (1934), which section is referred to in comment h., under Section 384. The rule quoted with approval by the court is as follows:
“ 'A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if
“ '(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and
“ ‘(b) the condition is one of which the possessor knows or should know *608 and which he realizes or should realize as involving' an unreasonable risk of death or serious bodily harm to such children, and
"‘(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddl-ing in it or in coming within the area made dangerous by it, and
‘“(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein.’ ”
In a subsequent case involving a suit brought under the attractive nuisance doctrine this court relied upon and followed the rule of law approved by the Supreme Court in the Cockerham case as quoted above.[2] This rule was also later followed and applied by the Second District Court of Appeal in Tampa Electric Company, Inc. v. Lariscy.[3] We adhere to the foregoing rule as the law of this state.
Reverting to subparagraph (c) of the foregoing rule it appears that before a possessor of land may be held liable for damages suffered by minor trespassers upon his property which is caused by a structure or other artificial condition maintained upon the land, the evidence must establish that the injured child, because of his youth, did not discover the condition or realize the risk involved in intermeddling in it or •coming within the area made dangerous by it. Relating that provision of the rule to the facts disclosed by the evidence in this case we find from the testimony of the child’s father, who is also joined as a plaintiff, that prior to the time of injury the minor plaintiff was instructed about and understood the danger of fire; and, from what the child later told him he had no question in his mind but that the child knew of the existence of the fire when he proceeded to play in and around it with a stick.
From the foregoing it affirmatively appears without conflict that the minor plaintiff, regardless of his youth, was aware of the existence of the fire and because of prior instructions received from his father, he realized the dangerous risk involved in intermeddling in it or coming within the area made dangerous by it. The trial court, in granting defendant’s motion for a directed verdict, did not rule that the five and one-half year old minor child was guilty of contributory negligence as a matter of law. To have done so would have invaded the exclusive province of the jury and constituted reversible error. What the trial court did rule was that the uncontradicted evidence established that the fire did not constitute a trap or hidden and latent danger into which the minor plaintiff was innocently attracted, nor was the danger one of which he was not aware. Because of this ruling the trial court found that plaintiff had failed to establish the essential elements necessary to prove liability.
Since the uncontradicted evidence reveals that the minor plaintiff was aware of the fire and the danger it created, the jury could not have lawfully concluded that the child, because of his youth, did not realize the risk involved in intermeddling in “the condition,” or “in coming within the area made dangerous by it.” Because of plaintiffs’ failure to prove the foregoing essential element required by the above-quoted rule in order to establish liability, the trial judge was justified in directing the verdict in favor of defendant.
The case sub judice is distinguishable in material respects from Tucker Brothers, Inc. v. Menard[4] in which a child received burns from a fire lighted by defendant for burning trash on a lot in a residential area *609 which had customarily been used by children living in the vicinity as a playground. The plaintiff child was burned when he stepped into a bed of red hot coals which were covered by a gray ash and from which no flames were visible. The Supreme Court held that the fire which injured the child was not obviously dangerous but under the circumstances constituted a “booby trap” into which the child was innocently attracted by the building materials and other objects kept by defendant on the lot where the children played.
In the Tucker Brothers case the court acknowledged the existence of authority to the effect that a fire is an obvious and patent danger which cannot constitute an attractive nuisance as a matter of law,[5] but found it unnecessary to rule on that question in reaching its decision. In view of the disposition we make of the question involved on this appeal, we likewise find it unnecessary to make a definitive ruling on the proposition of whether an obvious and patent fire can constitute an attractive nuisance. Any ruling to that effect in this case would constitute dicta of no binding force. The question, however, is an important one which some day must be answered by the courts of Florida. The writer of this opinion takes judicial notice of many publicly and privately owned playgrounds and recreational areas in our state on which are placed designated facilities where visitors are invited to light fires, both for cooking and burning trash incident to picnic and camping activities. Some of the publicly maintained and operated playgrounds and recreational areas are owned by municipalities who do not enjoy sovereign immunity from tort liability incurred as a result of the negligent acts of agents and employees.[6] These places of recreation are frequented by many children, both large and small. It is a matter of both public and private concern to know whether the persons who start fires, as well as the owners and operators of such playgrounds and recreational areas, are to be held liable in damages under the attractive nuisance doctrine each time a child playing in the area is burned or otherwise injured by coming in contact with a fire lighted for a proper and necessary purpose. A resolution of this question will be a contribution to the jurisprudence of our state.
Appellant has also assigned as error the failure of the trial court to give three instructions on the law requested by him. Since the case was withdrawn from jury consideration and decided by the court as a matter of law on appellee’s motion for a directed verdict, we find it unnecessary to either discuss or reach a decision on the alleged error argued in this section of appellants’ brief.
The trial court’s order granting defendant’s motion for a directed verdict, and entering final judgment thereon, is accordingly affirmed.
CARROLL, DONALD K., J., concurs.
STURGIS, C. J., dissents.

. Cockerham v. R. E. Vaughan, Inc., (Fla. 1955) 82 So.2d 890.

. Crutchfield, etc. et al. v. Adams, (Fla.App.1963) 152 So.2d 808.

. Tampa Electric Company, Inc., v. Lariscy, (Fla.App.1964) 166 So.2d 227.

. Tucker Brothers, Inc. et al. v. Menard, etc. et al., (Fla.1956) 90 So.2d 908.

. “The character of the danger, as open and obvious, or hidden and latent, is an important consideration. The doctrine of attractive nuisance, it has been said, is limited in its application to cases where the danger is latent, and affords no basis for a recovery where the injury complained of was produced by a peril of an obvious or patent character.
A danger which is not only obvious but natural, considering the instrumentality from which it arises, is not within the meaning of the attractive nuisance doctrine, for the reason that an owner or occupant is entitled to assume that the parents or guardians of a child will have warned him to avoid such a peril. * * * »
38 Am.Jur. 818, Negligence, § 151.

. City of Miami v. Simpson, (Ma.1965) 172 So.2d 435.