RAWLS, Chief Judge.
Plaintiff appeals from final judgments dismissing with prejudice his complaints in two wrongful death actions.
The factual allegations of both complaints are substantially the same and may be summarized as follows: The plaintiffs’ nine year old son was riding his bicycle along the street in front of defendants’ home when a dog began to chase him; he jumped off his bicycle and ran along the south side of defendants’ home in an attempt to escape the dog; in so doing, he ran into a wire cable which the defendants had stretched between two trees at a height of 3}/2 to 4 feet from the ground. He was thrown to the ground where he died of a broken neck and ruptured lungs. The complaints further alleged that the defendants knew that the neighborhood children frequently used this area on the south side of their house as a pathway to and from another neighbor’s basketball court and should have known these children might run into it.
Admittedly, the deceased minor child was a trespasser upon defendants’ home premises. A property owner owes no duty to a trespasser other than not to willfully or wantonly injure him. 23 Fla. Jur., Negligence, Section 24. This rule has been modified with respect to children of tender years by the adoption and application of the “attractive nuisance” doctrine *340 by our courts. Justice Terrell, speaking for the Supreme Court in Carter v. Livesay, Window Co., 73 So.2d 411 (1954,) stated the rule applicable to the facts alleged herein ns follows:
“The test to be applied in a case of this type is whether a reasonably prudent person should have anticipated the presence of children or other persons at the place where the appellee created a condition that a jury could find was an ‘inherently dangerous condition’ or a ‘dangerous instrumentality’ like unto an explosive substance, and inflammable material, a live wire or a spring gun.” (Emphases supplied.)
In Switzer v. Dye, 177 So.2d 539, 541 (Fla.App. 1st, 1965), this court refused to apply the doctrine to allow recovery for injuries sustained by a 12 year old when she dived from the defendant’s pier into a shallow lake. In reaching this decision the author, Associate Judge Taylor, analyzed the opinion in Carter and concluded:
“The terms ‘dangerous condition’ and ‘dangerous instrumentality’ if used alone are sufficiently vague to permit the argument that a jury should be allowed to adopt a strict or literal construction as the facts or elements of sympathy of particular cases might suggest. But the Supreme Court was careful to give examples illustrative of the sense in which these expressions were used.
“Each of these examples — ‘explosive substances’, ‘inflammable material', ‘live wire’ and ‘spring gun’ — clearly suggest an artificial condition which has strong elements of inherent danger to adults and minors alike and which minors might not be expected to appreciate. This is just another way of defining an attractive nuisance as a ‘trap’ — an expression employed in the concurring opinion in the Carter case and frequently found in discussions of the doctrine.”
We decline to hold that a cable such as described in Plaintiff’s complaint constitutes a “dangerous condition” or “dangerous instrumentality” as defined in Carter and Switzer.
Appellants in their excellent brief recognize the applicability of Switzer to the facts here outlined, but urge this court to make “ * * * a searching re-examination of the court-made rules of tort law with respect to trespassing children to determine whether there is any logical and rational basis for allowing recovery where an ‘attractive nuisance’ exists, and denying recovery where it does not.” We decline to explore any such new vistas. If the doctrine of attractive nuisance is extended or applied without regard for the proper balancing of legal responsibilities and liability as between parents and landowners — and many landowners are parents — there is the danger that landowners would, in effect, become the insurers of the safety of children while upon their premises.
Affirmed.
JOHNSON and SACK, JJ., concur.