202 So.2d 861 (1967)
T. Ray JACKSON, As Father and Next Friend of John T. Jackson, a Minor, and T. Ray Jackson, Individually, Appellant,
v.
WHITMIRE CONSTRUCTION COMPANY, Inc., a Florida Corporation, and City of Tampa, a Municipal Corporation, Appellees.
No. 7300.
District Court of Appeal of Florida, Second District.
October 6, 1967.
*862 Harry M. Hobbs, of Hobbs, de la Parte, Whighan & Gonzalez, Tampa, for appellant.
John W. Boult, of Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, for appellees.
SHANNON, Acting Chief Judge.
T. Ray Jackson, appellant, sued Whitmire Construction Company, Inc., and the City of Tampa, appellees, for injuries sustained by his minor son John while he was playing on a pile of sand, rock, and broken asphalt placed by Whitmire on a lot next to the Jackson home in the course of its work on the adjacent street, pursuant to a contract with the City. The injury occurred when John's older sister dislodged a rock of shell and tar, causing it to fall on John's finger.
The issues at the trial were negligence, attractive nuisance, contributory negligence, assumption of risk, and damages. At the close of appellant's evidence the trial court granted appellees' motion for a directed verdict. Appellant contends on appeal that the issues of trespass and attractive nuisance should have been submitted to the jury.
It is a well established fundamental principle of law that a ground for relief not presented at the trial level will not be considered for the first time on appeal. Sands v. Ivy Liquors, Inc., Fla.App. 1966, 192 So.2d 775, 776; Michel v. Bayshore Marina, Inc., Fla.App. 1966, 183 So.2d 294, 296; Nelson v. Cravero Constructors, Inc., Fla.App. 1960, 117 So.2d 764, 766; Slatcoff v. Dezen, Fla. 1954, 76 So.2d 792, 793; Gautier v. Biscayne Shores Imp. Corp., Fla. 1953, 68 So.2d 386, 389-390. See generally 2 Fla.Jur., Appeals, Secs. 66, 290 (1963, Supp. 1967). Since appellant did not plead or in any other manner raise the issue of trespass at the trial below, he cannot argue that the trial court erroneously refused to submit it to the jury.
Appellant's contention that the trial court should have submitted the issue of attractive nuisance to the jury is also without merit. A structure or condition constitutes an attractive nuisance if (1) the place where the condition is maintained is one upon which the possessor knows or should know that children are likely to *863 trespass; (2) the condition is one of which the possessor is or should be aware and one which he realizes or should realize involves an unreasonable risk of death or serious bodily harm to such children; (3) the children, because of their youth, do not discover the condition or do not realize the risk involved in intermeddling with it; (4) the utility to the possessor of maintaining the condition is slight as compared with the risk to children attracted thereto. Ridgewood Groves, Inc. v. Dowell, Fla.App. 1966, 189 So.2d 188, 190; Idzi v. Hobbs, Fla.App. 1965, 176 So.2d 606, 607-608; Tampa Elec. Co. v. Lariscy, Fla.App. 1964, 166 So.2d 227, 228-229; Banks v. Mason, Fla. App. 1961, 132 So.2d 219, 220; Cockerham v. R.E. Vaughan, Inc., Fla. 1955, 82 So.2d 890, 892; Carter v. Livesay Window Co., Fla. 1954, 73 So.2d 411, 413. A condition cannot be deemed to involve an unreasonable risk of death or serious bodily harm to children unless it inherently presents a hidden and unusual element of danger in such a way as to constitute a trap for them. McDaniel v. Mendez, Fla.App. 1967, 198 So.2d 75, 76; Johnson v. Williams, Fla. App. 1966, 192 So.2d 339, 340; Ridgewood Groves, Inc. v. Dowell, supra at 189 So.2d 188; Switzer v. Dye, Fla.App. 1965, 177 So.2d 539, 541; Tampa Elec. Co. v. Lariscy, supra at 166 So.2d 229; Edwards v. Maule Industries, Inc., Fla.App. 1962, 147 So.2d 5, 7; Banks v. Mason, supra at 132 So.2d 219; Miller v. Guernsey Constr. Co., Fla.App. 1959, 112 So.2d 55, 57; Adler v. Copeland, Fla.App. 1958, 105 So.2d 594, 595; Newby v. West Palm Beach Water Co., Fla. 1950, 47 So.2d 527, 528; Allen v. William P. McDonald Corp., Fla. 1949, 42 So.2d 706. The pile on which John was playing when he was injured did not contain any such element of danger. Thus, since the second of the above four elements was lacking, the pile did not constitute an attractive nuisance.
Finding no error, we affirm the judgment of the court below.
Affirmed.
WILLIS, ROBERT E., Associate Judge, concurs.
HOBSON, J., dissents in part with opinion.
HOBSON, Judge (dissenting in part).
I dissent from the court's conclusion regarding the question of attractive nuisance. The pictures contained in the record-on-appeal are clearly sufficient to present a factual question for the jury as to the element of whether or not the pile of sand, rocks and broken asphalt constituted a "hidden and unusual element of danger in such a way as to constitute a trap." Ridgewood Groves, Inc. v. Dowell, Fla.App. 1966, 189 So.2d 188.