212 So.2d 792 (1968)
Richard Z. MAXYMOW, As the Surviving Father and As Administrator of the Estate of Steven J. Maxymow, Deceased, a Minor, Appellant,
v.
LAKE MAGGIORE BAPTIST CHURCH OF ST. PETERSBURG, a Corporation, Appellee.
No. 67-468.
District Court of Appeal of Florida. Second District.
July 3, 1968.
Rehearing Denied August 5, 1968.
*793 Julian R. Howay, St. Petersburg, for appellant.
David J. Kadyk and Charles W. Pittman, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
HOBSON, Judge.
Plaintiff-appellant appeals the final judgment entered pursuant to the granting of defendant's motion to dismiss plaintiff's amended complaint with prejudice for failing to state a cause of action against the defendant under any theory of negligence alleged in the amended complaint.
Plaintiff is the father of a deceased ten-year old (nine years and eleven months) boy and the administrator of his estate. On February 13, 1966, the deceased was on the church premises of the defendant participating in an activity of the defendant's youth group to which he belonged. The amended complaint states that the deceased fell from a canopy which covered an outside stairway and that he died as a result of his injuries.
The premises are described in some detail in the amended complaint. In essence, there is a staircase between two buildings leading to the second floor of the church. The staircase is split into two flights of steps with a 180° turn about half-way to the second floor. A flat surface or slab extends between the two buildings at a height equal to the floor of the second story of the church. The northern half of this surface serves as a landing for the top of the second flight of steps and as an entrance into the second floor of the church. The southern portion of the surface provides a cover or canopy for the access area leading to the first flight of steps from the ground level. The northern and southern portions of the slab are divided by a metal fence which is approximately three and one-half feet high and which has rails at approximately one-foot intervals. The inclined portion which plaintiff describes as a ramp or canopy extends upward from the southern portion of the slab and acts as a cover or roof for the lower portion of the stairway on the first flight of steps. Allegedly, the deceased fell from this inclined ramp or canopy. Access to the northern portion of the surface at the floor level of the second story can be reached by the stairway, but the southern portion of that surface can only be reached by climbing over or through the metal fence mentioned above or by descending from the roof of the building or by a stepladder from the ground. It should be noted here that the canopy did not collapse nor was it defective in any way. The boy simply fell from it.
The point involved on appeal is whether the amended complaint fails to state a cause of action. This must be answered in the affirmative.
Appellant's amended complaint when reduced to the applicable law of the State of Florida under which he could recover is based on the attractive nuisance doctrine and in the alternative on a breach of duty owed the deceased by the appellee where *794 the deceased is an invitee or in the alternative, a licensee.
No liability exists under the "attractive nuisance doctrine" as such doctrine is not applicable to the facts of the case before this court because the condition complained of, as a matter of law, did not constitute a trap or latent danger.
"The many cases in this state discussing the attractive nuisance doctrine clearly established that for the doctrine to be applicable, two separate elements must exist; the condition maintained by the defendant must be attractive to children and the condition must be inherently dangerous and constitute a trap." Edwards v. Maule Industries, Inc., Fla. App. 1962, 147 So.2d 5 at page 7. (Emphasis added)
One essential element of a cause of action under the attractive nuisance doctrine is that the premises must be so constructed as to constitute a trap or latent danger. Banks v. Mason, Fla.App. 1961, 132 So.2d 219, 221.
There must be some unusual, lurking element of danger and the absence of a trap or latent danger will preclude recovery. Banks v. Mason, supra.
Two cases best illustrate what constitutes a trap or latent danger.
In the first, Atlantic Peninsular Holding Co. v. Oenbrink, 133 Fla. 325, 182 So. 812 (1938), a trap or latent danger was found and recovery allowed where a 12-year old boy was killed when he fell from the fourth floor of an unfinished, abandoned hotel while in the process of exploring the building. The metal laths upon which the fourth floor rested had deteriorated and the latent defects were unknown to deceased. While playing upon it, the floor gave way which caused the boy to fall and plunge into an unguarded elevator shaft. 182 So. at page 815.
In the second, Hunter v. J.C. Turner Lumber Co., 187 F. Supp. 646 (N.D.Fla. 1960), no trap or latent danger was present and no recovery was allowed where a boy fell from a stack of lumber. The court noted:
"No lumber fell upon him, nor did the stack cave in upon him or beneath him. There is no contention here that there was anything defective in the stacking or nature of the lumber itself which might be considered a hidden defect to trap the unwary." 187 F. Supp. at 648.
The court correctly distinguished the Oenbrink case:
"The facts here are not at all similar to those in Atlantic Peninsular Holding Co. v. Oenbrink, 1938, 133 Fla. 325, 182 So. 812, where the Court found the defendant liable for the death of a twelve year old boy who entered on the premises of an unfinished building. In that case the floor in front of an unguarded elevator shaft caved in and the boy fell to his death. In that situation it is plain that all other elements of the attractive nuisance doctrine being present, the defect was of such a nature as to be unappreciated by even a normal adult. In the case before the Court we have a pile of lumber securely stacked which was climbed upon by the minor. His injury occurred when he fell from that stack. Nothing more can be made of it." 187 F. Supp. at 648.
In the case at bar, there was no deterioration; there was no latent defect; and nothing gave way.
There has been no showing and no allegation that the canopy or ramp constituted a trap or latent danger; therefore, the amended complaint fails to state a cause of action under the doctrine of attractive nuisance.
No decision in this state has ever allowed recovery where the injured plaintiff fell from some fixed or stationary object which could not be described as inherently dangerous or which did not conceal some latent *795 condition or trap of which a person of tender years would not be readily apprised.
To extend the doctrine of attractive nuisance to permit recovery in this case would, in effect, make landowners the insurers of the safety of children who come on their premises.
Under the allegations of the amended complaint, it is clear that the deceased was not an invitee. A person who, under the circumstances, comes on premises for the purpose of transacting business with the owner or occupant of the premises is normally considered in the law as an invitee. Messner v. Webb's City, 62 So.2d 66 (Fla. 1952); Frederich's Market, Inc. v. Knox, 66 So.2d 251 (Fla. 1953); Jackson v. Pike, 87 So.2d 410 (Fla. 1956); Durden v. Dranetz, 99 So.2d 716 (Fla.App. 3rd Dist. 1958); Walker v. Feltman, 111 So.2d 76 (Fla.App. 3rd Dist. 1959); Goldman v. Hollywood Beach Hotel Co., 244 F.2d 413 (5 Cir.1957); Food Fair Stores of Fla., Inc. v. Sommer, 111 So.2d 743 (Fla.App. 3rd Dist. 1959); J.G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45 (1912); and City of Boca Raton v. Mattef, 91 So.2d 644 (Fla. 1956).
In order for the relationship of an invitor and invitee to arise, the person entering onto the premises must have done so for purposes which would have benefited the owner or occupant of the premises and this benefit must be of a material or commercial nature, rather than that of a spiritual or religious nature. City of Boca Raton v. Mattef, supra; McNulty v. Hurley, 97 So.2d 185 (Fla. 1957).
Here, the deceased child was not on the church premises for the purpose of transacting any business with the owner but rather was there as a member of a youth group and engaged in a game of hide-and-seek. Having held that the deceased was not an invitee, it would serve no useful purpose to discuss the duties owed to an invitee by the invitor.
It is clearly shown in the pleadings contained in the record-on-appeal that the deceased was lawfully upon the premises of the appellee by implied invitation and that the relationship between the deceased and the appellee was that of licensee and licensor. The deceased being a mere licensee was only owed the duty by the appellee to refrain from wanton negligence or willful misconduct which would injure the licensee or to refrain from intentionally exposing the licensee to danger. Gale v. Tuerk, 200 So.2d 261 (Fla.App. 1967). McNulty v. Hurley, supra. City of Boca Raton v. Mattef, supra.
There is no allegation in the amended complaint of wanton negligence or willful misconduct.
There may be a further duty to the licensee to warn him of a defect or condition known to the owner or occupant of the premises to be dangerous when such danger is not open to ordinary observation by the licensee. McNulty v. Hurley, supra. Goldberg v. Straus, Fla. 1950, 45 So.2d 883; 65 C.J.S. Negligence § 63(35), p. 703; Prosser, Torts, § 77, p. 450; Restatement, Torts, § 342, Comment d.
However, the danger in the case before the court was open to ordinary observation, as a matter of law, by the 10-year old deceased.
The other contentions of appellant have been considered and found to be without merit.
For the reasons stated above, the judgment of the lower court is
Affirmed.
ALLEN, Acting C.J., and PIERCE, J., concur.