McCAIN, Judge.
With profound sympathy for the immeasurable grief of appellant and natural father over the death of his minor son, we must affirm the entry of final summary judgment in favor of the appellee in this attractive nuisance suit.
The pleadings, affidavits and other documents of record reveal these essential facts: facts:
Appellant’s son, now deceased, came to his death through a cave in of a tunnel dug in an excavation on premises owned *687 by the appellee; on the previous night the, deceased and a friend, age 14, made plans to go into the excavation and dig a tunnel on the following day, the deceased having suggested this adventure; next morning they both ate breakfast at the home of the deceased, got their shovels and picks, and repaired to the excavation where they began digging; they were aware they were not on their own property; they started to dig one tunnel and got about a foot in and realized the sand was too soft; they then started another tunnel, which proved to be the one in which the deceased died; they worked approximately two and one-half hours in this tunnel and had reached a depth of about twelve feet at the time it caved in; they realized there was a possibility of a cave in, because the deceased suggested that after lunch they get some boards to brace up the tunnel; the deceased was a boy of fourteen years who stood 5T1" tall and weighed approximately 186 pounds; although an affidavit was filed in the case by plaintiff-appellant stating that his son lacked the average intelligence of a boy his age, this was not apparent to his friend who helped in the digging of the tunnel; at times children had been in the excavation but there was no evidence of any prior attempts of tunneling.
For the attractive nuisance doctrine to be applicable the condition maintained must be both attractive to the minor child and involve an unreasonable risk of serious bodily harm. Such “condition” does not involve an unreasonable risk unless it inherently presents a hidden and unusual element of danger in such a way as to constitute a trap.[1]
Sub judice, the danger of the bank of earth caving in was neither foreseeable nor probable, absent some change or alteration in it which the proofs do not show not be anticipated.
Excavations per se embody dangers that are not patently knowledgeable to everyone, including minor children. Here, the calamity would not have occurred except for the tunneling by the deceased and his friend, an act which was neither reasonably foreseeable nor reasonably to be anticipated by the landowner.
As much as we sympathize with any victim our concept of the attractive nuisance doctrine cannot permit us to extend its protection to one against his clear fault.[2] To do so we would have to conclude a victim’s minority per se precludes any realization of the risk involved, and our reasoning will not permit us to go this far.[3] In the case under consideration appreciation of the danger was apparent through the boys’ recognition of the menace of a cave-in. They discussed it and agreed to secure boards to brace up the tunnel, having just abandoned the commencement of one because the dirt was not strong enough to support it.
 Our State Supreme Court[4] has recently pronounced that where the entry of a minor on another’s property is in response to a special invitation he is an implied invitee and owed a duty of exercise of reasonable care and caution which a prudent person would and should exercise in order not to injure him. Otherwise, the entry is that of a trespasser where the duty of care requires a showing of gross negligence or wanton or wilful injury. Apropos of our cause the deceased cannot be found to be an implied invitee. Assuming so, the landowner has not been shown to be derelict in the exercise of rea *688 sonable care or prudence. Clearly, if the deceased’s status was that of a trespasser with its accompanying requirement of gross negligence, none existed.
Our conclusion is compatible with those of other jurisdictions.[5]
No genuine issue of material fact existed. The final summary judgment for defendant was providently entered and we affirm.
Affirmed.
REED and OWEN, JJ., concur.

. Edwards v. Maule Industries, Inc., Fla. App.1962, 147 So.2d 5; Jackson v. Whitmire Construction Co., Fla.App.1967, 202 So.2d 861.

. Newby v. West Palm Beach Water Co., Fla.1950, 47 So.2d 527.

. Larnel Builders, Inc. v. Martin, Fla. 1959, 110 So.2d 649; Hunter v. J. C. Turner Lumber Company, N.D.Fla.1960, 187 F.Supp. 646.

. Concrete Const., Inc., of Lake Worth v. Petterson, Fla.1968, 216 So.2d 221.

. Puckett v. City of Louisville, 1938, 273 Ky. 349, 116 S.W.2d 627; Ann Arbor R. Co. v. Kinz, 1903, 68 Ohio St. 210, 67 N.E. 479.