OWEN, Chief Judge.
In this personal injury action wherein the minor plaintiff and his parent recovered a judgment, the sole issue on appeal is the applicability of the attractive nuisance doctrine.
*550 Twelve-year-old Bruce Knowlton lived with his family across the street from the Downey Memorial Church. The latter used part of its property as a playground area. Bruce, together with his brother, Brent, and a friend, Robert Fensler, were playing in the Knowlton yard about 9 :00 at night, when they decided to go over to the church playground, it being lighted and in use by other children whose parents were attending the mid-week service at the church. When the other children left, the three boys remained on the property, playing upon one of the two volleyball net standards which were a part of the church’s playground equipment. These standards or poles were “homemade”, consisting of a metal pipe eight to ten feet in height and set upright in concrete poured into an old automobile tire (which constituted the base). Mounted in each pole were two eye bolts to which the volleyball net was attached when in use. The eye bolt went through the metal pipe, protruding approximately two inches on the opposite side. The boys would incline the pole to a horizontal position, and then with Brent holding on to the extreme end of the pole, Bruce and Robert would step on the base thereby causing the pole to swing to its upright position and raise Brent off the ground. Unfortunately, after two or three such capers, Brent lost his grasp causing the pole to swing to the upright position rapidly, as a result of which the protruding portion of the eye bolt struck Bruce in the eye causing the loss of the eye.
The error claimed is the trial court’s denial of appellant’s motion for directed verdict, made initially at the close of the plaintiff’s case and renewed' at the close of all of the evidence. We conclude that defendant was entitled to a directed verdict, as the doctrine of attractive nuisance (upon which the case was tried) was not applicable under the facts of this case.
Assuming arguendo that the playground was attractive and alluring to children, the condition which caused the injury to the minor plaintiff i. e., the volleyball net standard, was neither inherently dangerous nor did it constitute a trap or latent danger, an essential element of the attractive nuisance doctrine. Sparks v. Casselberry Gardens, Inc., Fla.App.1969, 227 So.2d 686; Maxymow v. Lake Maggiore Baptist Church, Fla.App.1968, 212 So.2d 792; Switzer v. Dye, Fla.App.1965, 177 So.2d 539; Banks v. Mason, Fla.App.1961, 132 So.2d 219. By way of comparison with a sampling of other cases, the volleyball net standard in question was no more inherently dangerous than was the power pole in Tampa Electric Company v. Lariscy, Fla.App.1964, 166 So.2d 227; the couch in McDaniel v. Mendez, Fla.App.1967, 198 So.2d 75; the pile of sand in Edwards v. Maule Industries, Inc., Fla.App.1962, 147 So.2d 5; or the pile of rock in Jackson v. Whitmire Construction Company, Fla.App.1967, 202 So.2d 861.
 The injury occurred only because the device was being misused, and in the process one of the minor plaintiff’s companions lost his grip on the pipe allowing it to return to an upright position at an accelerated speed. As stated by Justice Terrell in Newby v. West Palm Beach Water Company, Fla.1950, 47 So.2d 527, “The attractive nuisance doctrine may protect one against another’s negligence, but it does not presume to protect him against his fault, bad luck, improvidence or misfortune.”
The judgment is reversed and this cause remanded with instructions to enter judgment for the defendant.
Reversed and remanded.
WALDEN and CROSS, JJ., concur.