GRIMES, Judge.
This is an appeal from a judgment entered upon a directed verdict for the defendants in a wrongful death action.
The accident which resulted in the death of Bruce Hayes occurred in a drainage ditch adjacent to a subdivision in which Bruce lived. The defendant, Criterion Corporation, had constructed the ditch at the time of developing the subdivision and then dedicated it to the public. The defendant, Hills-borough County, had accepted the ditch for purposes of maintenance. Criterion Corporation owned land on both sides of the ditch, but the land beyond the ditch was entirely unimproved at the time the accident occurred. Criterion had erected a chain link fence between the subdivision and the ditch, but there was no fence on the opposite side of the ditch facing the open field.
The ditch was anywhere from four to seven feet deep. Due to erosion, one side of the ditch consisted of loose dirt and at certain points the side slightly overhung at the top. At the time of Bruce’s death, the ditch contained little or no water. By climbing over the fence or by going around it at the point where it intersected a street, children from the subdivision from time to time played in the open field and dug in the ditch. While there was no evidence that any of the defendants’ employees had seen children in the ditch, Criterion’s construction manager admitted that children did sometimes dig in the various drainage ditches in Criterion’s land development projects. Criterion had some portable construction trailers located within view of the ditch.
*1028 On the day of the accident, several children had been digging in the ditch. Some of the older children had dug a tunnel about five feet deep. When the tragedy occurred, Bruce, who was nine years old, and his eight year old friend, George, were the only children remaining in the ditch. According to George, Bruce was digging with a shovel in a tunnel which had already been started by some of the other children. It is not clear whether this was the five foot tunnel described by the other boys, but in any event, the tunnel in which Bruce was digging was large enough to hold three boys. George suddenly looked up and saw the dirt above Bruce collapse over him. Despite his efforts, he was unable to pull Bruce free from the dirt, and Bruce was suffocated. George said that the side of the ditch did not overhang at the point where Bruce was digging in the tunnel.
The dispositive issue on this appeal is whether the drainage ditch constituted an attractive nuisance. Our examination of the record, including the pictures of the ditch, and our study of the law leads us to the conclusion that the ditch was not an attractive nuisance.
In Cockerham v. R. E. Vaughan, Inc., Fla.1955, 82 So.2d 890, our Supreme Court adopted the following rule prescribed by Section 339 of the Restatement of Torts as applicable to the doctrine of attractive nuisance:[1]
“A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if
“(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and
“(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and
“(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and
“(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein.”
In Edwards v. Maule Industries, Inc., Fla.App.3d 1962, 147 So.2d 5, the court held that a sand pile maintained next to the highway into which a child sank when he was walking on it did not constitute an attractive nuisance. The court said:
“Our research has not revealed, nor has there been cited to us, a case in any jurisdiction holding that a sand pile unconnected with a condition constituting an additional danger is of itself an attractive nuisance. To allege that because the sand pile was left *• * without adequate or sufficient supports * * *’ it ‘ * * * did cave in on top of said minor child’ is a nonsequitur. Human experience does not supply the necessary characteristics to an ordinary sand pile which would constitute it an attractive nuisance inasmuch as there is no hidden element of danger existing therein.”
On the other hand, our court in Ridgewood Groves, Inc. v. Dowell, Fla.App.2d 1966, 189 So.2d 188, held that a fifteen foot high pile of roots, sand, grass and palmetto fronds with perpendicular sides and overhangs which resulted from a land clearing operation could be determined by a jury to constitute an attractive nuisance. The court distinguished the ordinary sand pile in Edwards by pointing out that the peculiar nature of the pile could constitute a hidden defect to trap the unwary.
Our court further emphasized the significance of a hidden element of danger with *1029 respect to the attractive nuisance doctrine in Jackson v. Whitmire Construction Company, Fla.App.2d 1967, 202 So.2d 861, 863. There a child was hurt while he was playing on a pile of sand, rock and broken asphalt which was erected in the course of constructing a home. The injury occurred when a girl dislodged a rock of shell and tar causing it to fall on her younger brother’s finger. After reciting the four requisites for an attractive nuisance, the court said:
“. . .A condition cannot be deemed to involve an unreasonable risk of death or serious bodily harm to children unless it inherently presents a hidden and unusual element of danger in such a way as to constitute a trap for them. . The pile on which John was playing when he was injured did not contain any such element of danger. Thus, since the second of the above four elements was lacking, the pile did not constitute an attractive nuisance.”
Conceding for the sake of argument the existence of elements (a), (c) and (d) as set forth in Cockerham, we believe that, conceptually, the drainage ditch in this case more nearly resembles the ordinary sand pile in Edwards. There was no hidden danger or trap. This ditch was not markedly different from the countless number of drainage ditches all over the State of Florida. The fact that these ditches tend to break down through erosion during the passage of time cannot be disputed. There is no doubt that the soft dirt on the side of a ditch may be alluring to a child of tender years. But in order for this condition to constitute an attractive nuisance, it is necessary that it be “one of which the possessor — realizes or should realize involves an unreasonable risk of death or serious bodily harm to such children.”
We do not see how those responsible for the condition of this ditch could have been reasonably expected to anticipate the possibility that children would dig a tunnel so deep into the side of this ditch that the dirt would ultimately collapse in such a quantity as to prevent one of the children from excavating himself. Cf. Sparks v. Casselberry Gardens, Fla.App.4th, 1969, 227 So.2d 686. To hold that this drainage ditch constituted an attractive nuisance would make landowners virtual insurers of the safety of all children who happened to be playing in any drainage ditch in Florida.
Recognizing the great loss suffered by Bruce Hayes’ family, we are nevertheless compelled to follow the law as we interpret it. Accordingly, we hold that the trial judge properly entered a directed verdict at the conclusion of the plaintiff’s case.
AFFIRMED.
McNULTY, C. J., and HOBSON, J., concur.

. Over and above the requirements of the Restatement, there must be a showing that the injured child was allured to the dangerous premises before the doctrine of attractive nuisance may be applied in Florida. Concrete Const., Inc., of Lake Worth v. Petterson, Fla. 1968, 216 So.2d 221. However, for purposes of this opinion, it may be assumed that Bruce Hayes was allured to the soft dirt side of the ditch.