THOMPSON, Judge.
David John Roydhouse appeals the denial of his petition for writ of habeas corpus. We affirm.
Roydhouse petitioned the trial court to reinstate his cancelled 16 July 1996 control release date. He argued that his control release date was cancelled in violation of ex post facto prohibitions. He relied upon Lynce v. Mathis, — U.S. -, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997), which holds that certain Florida inmates are entitled to restoration of administrative gaintime and provisional credits cancelled pursuant to section 944.278 (and the 1992 amendments to section 944.277). Roydhouse argued that he received the administrative gaintime and credit, but that they were subsequently cancelled. The trial court found that Roydhouse was not eligible for relief because he never received any administrative gaintime under section 944.276 or provisional credits under section 944.277. We agree with the trial court when it wrote:
Petitioner was received into the Department of Corrections to serve an overall ten year term on November 3, 1993, over two years after the Department has ceased awarding either type of overcrowding credit. Consequently, Petitioner was never allocated any administrative gaintime or provisional credits and thus, has no credits to restore under Lynce v. Mathis, — U.S. -, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997).
Roydhouse’s claim that he should have been awarded provisional credit was not raised in his petition for writ of habeas corpus and was not considered by the trial court before it issued its order denying the petition. Therefore, it cannot be considered for the first time on appeal. Jackson v. Whitmire Const. Co., 202 So.2d 861 (Fla. 2d DCA 1967); Nelson v. Cravero Constructors, Inc., 117 So.2d 764 (Fla. 3d DCA 1960).
AFFIRMED.
GOSHORN and PETERSON, JJ., concur.