Iíart, J.
 

 The broad question under consideration in this case is: What is the liability of a contractor who, while engaged in the work of blasting on the land of another, leaves upon such land an unexploded dynamite cap, which eight months later is picked up, and exploded, by a boy thirteen years and nine months of age, to his injury while trespassing on such lands! The gravamen of the complaint is that the appellants negligently left a dangerous instrumentality at a place known to them to be frequented by children of tender years.
 

 As shown by the record, there are a number of incidental questions or issues in this case comprehended in the main question above stated. Among these are such issues as: (1) Was plaintiff, considering his age and experience, guilty of contributory negligence in exploding the cap! (2) Conceding that appellants left the explosive on the premises eight months before plaintiff’s accident, and taking into consideration the intelligence of the plaintiff and his ability to appreciate the danger of handling the dynamite cap, was the leaving of the cap on the premises the proximate cause of plaintiff’s injury! (3) Was there any proof that the dynamite cap found and exploded by the plaintiff was left on the premises by the defendants! (4) Was there proof that the defendants knew or should have known that the place where the cap was lost would be frequented by children of tender years.who might find such cap and explode it! However, the decision of this case makes it unnecessary to determine the correctness of the finding of the jury in favor of the plaintiff on these issues.
 

 The appellants insist that they owed the plaintiff no duty under the broad rule that one in the occupancy
 
 *21
 
 or possession of property owes to a licensee or. trespasser only the duty to refrain from wilfully or wantonly injuring him. But this case is undoubtedly governed by an exception to the rule just stated, to the effect that one who is handling explosives must exercise due care under the circumstances not to leave such explosives in places known to be frequented by children of tender years who, because of their immaturity, may be injured in handling them.
 

 What is due care under such circumstances or what is the quantum of care required? It is a general rule that one who keeps or uses explosives owes a duty to young children, who may have access to or come in contact with them and who cannot be expected to know and appreciate the danger incident thereto, to exercise care commensurate with the danger in order to avoid injury to such children.
 
 Harriman v. Railway Co.,
 
 45 Ohio St., 11, 12 N. E., 451;
 
 Railway
 
 v.
 
 Shields,
 
 47 Ohio St., 387, 24 N. E., 658, 8 L. R. A., 464;
 
 Sparks
 
 v.
 
 Maeschal,
 
 217 Ky., 235, 289 S. W., 308;
 
 Mattson
 
 v.
 
 Minnesota & N. W. Rd. Co.,
 
 95 Minn., 477, 104 N. W., 443, 70 L. R. A., 503;
 
 Smith
 
 v.
 
 Smith-Peterson Co.,
 
 56 Nev., 79, 45 P. (2d), 785, 100 A. L. R., 440 (petition for rehearing denied,
 
 Smith
 
 v.
 
 Smith-Peterson Co.,
 
 56 Nev., 95, 48 P. [2d], 760) ;
 
 Krachanake
 
 v.
 
 Acme Mfg. Co.,
 
 175 N. C., 435, 95 S. E., 851, L. R. A. 1918E, 801;
 
 Olson, a Minor,
 
 v.
 
 Gill Home Investment Co.,
 
 58 Wash., 151, 108 P., 140, 27 L. R. A. (N. S.), 884; 18 Ohio Jurisprudence, 893, 894, Section 13; 22 American Jurisprudence, 139, Section 18; annotations in 43 A. L. R., 435, 49 A. L. R., 160, and 100 A. L. R., 451. For analysis of Ohio cases see 36 A. L. R., 94.
 

 One of the assignments of error set out by the appellants is that the trial court erroneously instructed the jury on the degree of care required of the appellants, their duty to the plaintiff and their liability under the law. An examination of the charge of the trial
 
 *22
 
 court in this case as it relates to the appellants, Louis Wilkof and Morris Wilkof, in the opinion of this court, justifies the complaint in this regard. This is demonstrated by an examination of numerous excerpts from the general charge of the court as follows:
 

 “If the Wilkofs knew, or should have .known, this land to be subject to the trespassing of young children, the
 
 Wilkofs owed a duty to protect such children from any dangerous instrumentality which they ivere using,
 
 which danger such children, if they were of tender years, were unlikely to appreciate. *
 
 *
 
 *
 

 “If the Wilkofs knew, or should have known, that situation to exist [that the land was subject to trespassing by young children], the
 
 Wilkofs oived a duty to such children to see that they would not come in contact with any explosives
 
 upon said land. * * *
 

 “This involves the question of care required of the defendant the Wilkofs and the degree of care required of them would be that of ordinary care, and ordinary care as it applies to dynamite caps
 
 requires the use of utmost caution.”
 
 (Italics ours.)
 

 While some courts have defined the duty of a defendant under such circumstances as ‘ ‘ requiring utmost caution,” this is unfortunate terminology because there is no limit to the measure of duty set by the term “utmost caution.” It might well be understood to require the extreme and the unreasonable, such as, the building of a tight fence around the premises, or a search, no difference how long it might require, until the lost dynamite cap or caps were found. A correct definition of the quantum of care required would be such care as is commensurate with the danger involved.
 

 The charge of the court, as above set out, went beyond the requirement of due care at the hands of the appellants under the circumstances, and in fact made them practically insurers of the safety of the plaintiff.
 

 
 *23
 
 Because of the error above pointed out, the judgments of the Court of Appeals and the Common Pleas Court are reversed and the cause is remanded for new trial.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Turner, Williams, Matthias and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.