112 So.2d 55 (1959)
Nora Bob MILLER, a minor by her father and next friend, Robert R. Miller, and Robert R. Miller, Appellants,
v.
GUERNSEY CONSTRUCTION COMPANY, INC., a Florida corporation, and Guernsey Investment Co., Inc., a Florida corporation, Appellees.
No. 58-371.
District Court of Appeal of Florida. Third District.
May 14, 1959.
Rehearing Denied June 3, 1959.
*56 R.C. Lohmeyer, Miami, and Montague Rosenberg, Miami Beach, for appellants.
Hill, Welsh, Cornell, Ross & Pyszka, Miami, for appellees.
PEARSON, Judge.
The plaintiffs, a minor and her father, appeal from a summary final judgment in a personal injury action. The complaint alleged that the ten year old plaintiff was attracted to a house being constructed by the defendants and was seriously injured when she fell while walking upon the floor joists. It further charged the defendants with negligence in permitting the floor joists to remain uncovered without providing a method for the protection of children from injury thereupon. After answers in which they admitted control of the premises and denied negligence, the defendants moved for a summary judgment based upon the pleadings, depositions and admissions on file. The trial judge found that the attractive nuisance doctrine was not applicable to the admitted facts in this case. The sole question upon this appeal is whether the trial judge was correct in this conclusion of law. The appellant attempts to present an additional question as to the propriety of summary judgment because the judge, "took the question of negligence from the jury." This latter question is not involved since the complaint does not state a cause of action unless the attractive nuisance doctrine is applicable. Summary judgment is proper when the doctrine is invoked and is inapplicable. Lomas v. West Palm Beach Water Co., Fla. 1952, 57 So.2d 881.
The theory of plaintiff's case was that a building under construction is per se an attractive nuisance. This view is not in accord with the weight of authority in this country. See cases cited in annotation beginning at 44 A.L.R.2d 1253. See also 2 Harper and James, Torts, § 27.5 (1956); 1 Shearman and Redfield, Negligence § 31 (Rev. ed. 1941). It is not supported by a decision in this state.
The Supreme Court of Florida has upon several occasions found that an attractive nuisance existed upon premises where a building was in the process of construction. See Atlantic Peninsular Holding Co. v. Oenbrink, 133 Fla. 325, 182 So. 812 (concrete floor collapsed due to latent defects); Johnson v. Wood, 155 Fla. 753, 21 So.2d 353 (unprotected mortar box placed near sidewalk and containing caustic ingredients); Carter v. Livesay Window Co., Fla. 1954, 73 So.2d 411 (heavy concrete window frame placed on a narrow ledge so that a small force would cause the frame to fall); Cockerham v. R.E. Vaughan, Inc., Fla. 1955, 82 So.2d 890 (unprotected hole for septic tank); Tucker Brothers, Inc. v. Menard, Fla. 1956, 90 So.2d 908 (a bed of red-hot coals covered by a layer of grey *57 ashes placed by contractor on a lot used by neighborhood children as a playground).
In each of these cases there is the underlying premise that buildings in the process of construction are attractive to children. But further, that the defendant created an instrumentality inherently dangerous to children because it partook of the nature of a trap to them. Carter v. Livesay Window Co., supra; cf. Ansin v. Thurston, Fla. App. 1957, 98 So.2d 87; Larnel Builders, Inc. v. Martin, Fla.App. 1958, 105 So.2d 580; Adler v. Copeland, Fla.App. 1958, 105 So.2d 594.
The admitted facts before the chancellor established an orderly construction process and that the defendants' premises were no more dangerous than every "unfinished" building in the process of construction. The judgment is therefore affirmed.
Affirmed.
CARROLL, CHAS., C.J., and HORTON, J., concur.