PER CURIAM.
Appellant seeks review of a final order of the trial court, dismissing with prejudice her complaint seeking damages in a tort action.
The deceased daughter of the appellant was playing with the appellee’s daughter on a couch, located on the concrete [or terrazzo] floor of the carport of appellee’s residence. While engaged in such play, the deceased fell from the couch striking her head on the hard surface of the floor. As a result of the injuries, the child died. The appellant brought the instant action seeking damages, alleging negligence on the part of the appellee and/or the creation of an attractive nuisance by the appellee. The appellee moved to dismiss the complaint and the court entered the order appealed, dismissing the complaint with prejudice after opportunity for amendment was declined. We affirm.
The deceased was a licensee on the defendant’s premises. See: Goldberg v. Straus, Fla.1950, 45 So.2d 883; Lowery v. Rosenberg, Fla.App.1962, 147 So.2d 321. The couch was not inherently dangerous nor a trap, nor was it maintained in such manner so as to create a dangerous condition, and did not constitute an attractive nuisance. See: Miller v. Guernsey Construction Company, Fla.App.1959, 112 So.2d 55; Edwards v. Maule Industries, Inc., Fla.App.1962, 147 So.2d 5; 23 Fla.Jur., Negligence, § 63.
Therefore, the final order here under review is hereby affirmed.
Affirmed.