PEARSON, Judge.
The appellants were the plaintiffs in the trial court. They appeal a summary final judgment for all four defendants in an action for personal injuries to a four-year old child. -The appellees are: (1) Porter-Russell Corporation, the owner of the real property where the injury occurred; (2) Kirkland Masonry, Inc., the builder of a residence under construction there; (3) Hilton McTyre, the trucker who delivered the cement blocks that caused the injury; (4) Maulé Industries, Inc., the materialman which supplied the cement blocks to the job site.
The complaint alleged that the minor appellant was injured when a cement block fell on him in a lot upon which appellee Porter-Russell was preparing to build. The other defendants were engaged or about to be engaged in the building operation. The complaint was framed in three counts. The first count was based upon the legal theory that the appellees were liable because they maintained an attractive nuisance. The second count was based upon-the theory of active negligence and alleged the appellees did:
“ * * * deliver and carelessly and negligently cause, permit or allow piles of concrete blocks and/or other building materials to be stacked and remain in an unsafe, dangerous and unstable condition in and about the construction site at 15800 S.W. 86th Avenue, otherwise known as Lot 8, in Block 10, Coral Reef Estates, Job Site LH-147948, without reasonable, adequate and sufficient supports so that they were likely to fall on children in the immediate vicinity thereof, and cause serious injuries to said children.”
The third count was a derivative claim by the minor appellant’s father.
Interrogatories were propounded. Depositions were taken of John Willis Mc-Tyre, the trucker; Charles H. Sizer, block production supervisor for Maulé Industries; Billy B. Hess, masonry foreman and block-layer for Kirkland Masonry; and Leo Johnson, driver of the truck which delivered the blocks for appellee Hilton Mc-Tyre. An affidavit of Leo Johnson was filed. Based upon the pleadings, affidavits, interrogatories, and depositions, the trial court entered a summary final judgment for all of the appellees on all counts. This appeal followed.
The appellant urges reversal of the summary final judgment because the appel-lees have failed to demonstrate conclusively the non-existence of a genuine issue of material fact. See Holl v. Talcott, Fla.1966, 191 So.2d 40, and Visingardi v. Tirone, Fla.1966, 193 So.2d 601. The appellees, relying upon Food Fair Stores of Florida, Inc. v. Patti, Fla.1959, 109 So.2d 5, contend it affirmatively appears that the appellants are unable to establish either an attractive nuisance or the negligence of any defendant. Each appellee argues that the summary final judgment was properly granted, because the affidavit and depositions establish without issue that each appellee was not guilty of negligence.
The affidavit and depositions show that the agents of the appellees at trial would testify that the cement blocks were regularly loaded at the Maulé Industries plant upon a truck owned by McTyre and driven by Johnson. The blocks were loaded by fork lift in interlocked cubes four blocks high and unloaded at the job site still in interlocked cubes. The block mason stated in his deposition that there was nothing *881 unusual in the arrangement of the blocks when he arrived at the job site the day following the injury. Nevertheless, between the time the blocks were delivered and the time the block mason arrived, one of the blocks had been caused to fall upon the minor appellant. Therefore, to that extent, there was something unusual in the arrangement of the blocks at the time the block mason arrived at the job site. In addition there is testimony that: the delivery of the blocks was made after the close of the working day before the injury; no one was on the job site at the time of delivery; and there was no formal acceptance of delivery by the contractor.
A review of the noncontroverted facts clearly demonstrates there was no attractive nuisance as a matter of law. Florida appellate courts have held consistently that a construction site is not of itself an attractive nuisance. Miller v. Guernsey Construction Company, Fla.App. 1959, 112 So.2d 55. The stacking of cement blocks four blocks high upon a concrete slab does not of itself create an attractive nuisance. Cf. McDaniel v. Mendez, Fla.App.1967, 198 So.2d 75. We therefore conclude the summary final judgment for all the appellees was properly entered as to count one (attractive nuisance).
The appellant contends it does not conclusively appear from the facts established by the defendants that no negligence could be involved. We must agree. There is no showing in this case, as there was in Food Fair Stores of Florida, Inc. v. Patti, Fla.1959, 109 So.2d 5, that the appellants have no further evidence upon which they can rely. We therefore conclude, because of the rulings laid down by the Supreme Court of Florida in Holl v. Talcott, supra, and Visingardi v. Tirone, supra, the trial court improperly entered a summary final judgment upon the negligence count for appellees Kirkland Masonry, Hilton McTyre, and Maulé Industries. However, appellee Porter-Russell, the owner of the property, has established it had no part in the purportedly negligent delivering or stacking of the cement blocks alleged to have caused the injury. Therefore; a summary final judgment for ap-pellee Porter-Russell was properly entered upon count two (negligence).
The summary final judgment for appel-lee Porter-Russell Corporation upon all three counts is affirmed. The summary final judgment for all four appellees upon count one (attractive nuisance) is affirmed. The summary final judgment for appellees Kirkland Masonry, Inc.; Hilton McTyre; and Maulé Industries, Inc., upon counts two and three (negligence and the derivative claim) is reversed. The cause is remanded for the entry of an amended order and judgment in accordance with the views herein set forth.
Affirmed in part, reversed in part, and remanded.