217 So.2d 298 (1968)
Loren BUTLER, by and through His Next Friend and Father, R.O. Butler, and R.Q. Butler, Individually, Petitioners,
v.
PORTER-RUSSELL CORPORATION, a Florida Corporation, Kirkland Masonry, Inc., a Florida Corporation, Hilton McTyre, and Maule Industries, Inc., a Florida Corporation, Respondents.
No. 37461.
Supreme Court of Florida.
November 20, 1968.
As Revised December 20, 1968.
Hollander & Pestcoe and Howard J. Hollander, Miami, for petitioners.
Dean, Adams, George & Wood and Jeanne Heyward, Miami, for Porter-Russell Corp.
Fred R. Ober of Fowler, White, Collins, Gillen, Humkey & Trenam, Miami, for Kirkland Masonry, Inc.
Knight, Underwood, Peters, Hoeveler & Pickle and William J. Flynn, Miami, for Hilton McTyre and Maule Industries, Inc.
ERVIN, Justice.
We review by conflict-certiorari the decision of the District Court of Appeal, Third District, in Butler v. Porter-Russell Corporation (Fla.App.), 208 So.2d 879.
We quote from the opinion of the District Court:
"The appellants [Petitioners here] were the plaintiffs in the trial court. They *299 appeal a summary final judgment for all four defendants in an action for personal injuries to a four-year old child. The appellees are (1) Porter-Russell Corporation, the owner of the real property where the injury occurred; (2) Kirkland Masonry, Inc., the builder of a residence under construction there; (3) Hilton McTyre, the trucker who delivered the cement blocks that caused the injury; (4) Maule Industries, Inc., the materialman which supplied the cement blocks to the job site.
"The complaint alleged that the minor appellant was injured when a cement block fell on him in a lot upon which appellee Porter-Russell was preparing to build. The other defendants were engaged or about to be engaged in the building operation. The complaint was framed in three counts. The first count was based upon the legal theory that the appellees were liable because they maintained an attractive nuisance. * * *
* * * * * *
"Interrogatories were propounded. Depositions were taken of John Willis McTyre, the trucker; Charles H. Sizer, block production supervisor for Maule Industries; Billy B. Hess, masonry foreman and blocklayer for Kirkland Masonry; and Leo Johnson, driver of the truck which delivered the blocks for appellee Hilton McTyre. An affidavit of Leo Johnson was filed. Based upon the pleadings, affidavits, interrogatories, and depositions, the trial court entered a summary final judgment for all of the appellees on all counts. This appeal followed.
* * * * * *
"The affidavit and depositions show that the agents of the appellees at trial would testify that the cement blocks were regularly loaded at the Maule Industries plant upon a truck owned by McTyre and driven by Johnson. The blocks were loaded by fork lift in interlocked cubes four blocks high and unloaded at the job site still in interlocked cubes. The block mason stated in his deposition that there was nothing unusual in the arrangement of the blocks when he arrived at the job site the day following the injury. Nevertheless, between the time the blocks were delivered and the time the block mason arrived, one of the blocks had been caused to fall upon the minor appellant. Therefore, to that extent, there was something unusual in the arrangement of the blocks at the time the block mason arrived at the job site. In addition there is testimony that: the delivery of the blocks was made after the close of the working day before the injury; no one was on the job site at the time of delivery; and there was no formal acceptance of delivery by the contractor.
A review of the noncontroverted facts clearly demonstrates there was no attractive nuisance as a matter of law. Florida appellate courts have held consistently that a construction site is not of itself an attractive nuisance. Miller v. Guernsey Construction Company, Fla. App. 1959, 112 So.2d 55. The stacking of cement blocks four blocks high upon a concrete slab does not of itself create an attractive nuisance. Cf. McDaniel v. Mendez, Fla.App. 1967, 198 So.2d 75. We therefore conclude the summary final judgment for all the appellees was properly entered as to count one (attractive nuisance)." (Text 880-881.)
We agree with the dissenting Chief Judge Carroll of the District Court and find that the District Court erroneously affirmed the summary final judgment as to the attractive nuisance count.
We conclude this case is controlled by our decision in Carter v. Livesay Window Co., Fla., 73 So.2d 411, both as to our conflict jurisdiction and a decision on the merits.
In Carter the factual situation is sufficiently similar to the facts of the instant case to provide a resulting conflict. There, the failure was:
"`(a) * * * to place or set the * * * pre-cast concrete window frames properly *300 or securely * * * in a reasonably careful manner;
* * * * * *
"`(d) * * * at a time when no one connected with the said building or anyone else was present, * * * [and]
* * * * * *
"`(h) * * * defendant knew or should have known that the premises in question were in a neighborhood where children of immature years played and frequented, and would be attracted to the premises in question, * * *'" (Text 412.)
There we said:
"* * * The test to be applied in a case of this type is whether a reasonably prudent person should have anticipated the presence of children or other persons at the place where the appellee created a condition that a jury could find was an `inherently dangerous condition' * * *.
* * * * * *
"The pre-cast concrete window frames involved here were delivered and placed in the wall of the building early Saturday morning. No workmen were on the job * * * no workmen would be on the job until * * * approximately forty-eight hours later. The job was in a residential neighborhood where * * * there were families with children. * *" (Text 413-414.)
The facts and law of Carter disclose a precedent under which the District Court in this case should not have concluded there was no genuine issue of material fact concerning whether the building construction site in the residential neighborhood and the stacking on the site of the cement blocks four blocks high upon a concrete slab at the critical time created an attractive nuisance. These facts, developed from the interrogatories and the depositions, are not sufficient in themselves to exclude all inferences to the exclusion of a jury trial thereon that an attractive nuisance existed or that reasonable minds could not differ on the question. They do not negate the inference that a reasonably prudent person would have anticipated or foreseen the possibility of the presence of children at the site where the stacked blocks could fall, resulting in injury. The District Court concedes:
"* * * between the time the blocks were delivered and the time the block mason arrived, one of the blocks had been caused to fall upon the minor appellant. Therefore, to that extent, there was something unusual in the arrangement of the blocks at the time the block mason arrived on the job site. * * *" (Butler v. Porter-Russell Corporation, 208 So.2d 879, 881.) (Emphasis supplied.)
The opinion of the District Court also quotes from the complaint of Petitioners (plaintiffs) wherein it appears piles of concrete blocks were stacked on the construction site without reasonable, adequate and sufficient supports so that they were likely to fall on children in the immediate vicinity thereof. The District Court then points out the delivery of the blocks was made after the close of the working day before the injury and no one was on the job site at the time of the delivery and there was no formal acceptance of delivery by the contractor.
It follows from the foregoing that despite the deposition showing made by Respondents (defendants) that "there was nothing unusual in the arrangement of the blocks" at the job site, there was in fact "something unusual in the arrangement of the blocks" to the extent "one of them had been caused to fall upon the minor appellant" during the period when no one working on the job site was present.
It does not appear to us that the manner disclosed by the depositions in which the Respondents (defendants), or some of them, arranged, stacked, delivered, placed and maintained the concrete blocks on the construction site is sufficient to demonstrate conclusively the nonexistence of a genuine issue of material fact. The facts remain a building construction site in a *301 residential area was involved and a child of tender age was injured by one of the concrete blocks falling from the pile, despite the manner in which the blocks were shown to have been arranged, delivered and stacked.
This opinion could be greatly extended by cumulative references to cases and authorities, but it is hardly necessary. Reference to the text and authorities cited in 23 Fla.Jur., § 63, page 304, et seq., suffices to set forth general law on the subject and supports the position we take in this opinion. It seems obvious that Respondents or some of them should have foreseen the possibility that a concrete block in one of the piles might be dislodged and fall, injuring a child, when neighborhood children were playing on the building construction site.
We conclude there is no convincing showing in this case that the Petitioners should not have the benefit of a jury trial as to Count I. See Holl v. Talcott (Fla. 1966), 191 So.2d 40, and Visingardi v. Tirone (Fla. 1966), 193 So.2d 601.
We quash the judgment of the District Court insofar as it affirmed the summary final judgment for all Respondents as to Count I (attractive nuisance); otherwise, it is affirmed except that the District Court's affirmance of the summary final judgment in favor of the Appellee Porter-Russell Corporation is quashed as to Count III (derivative claim) insofar as said Count read in connection with Count I (attractive nuisance) states a cause of action against said appellee. However, on remand we do not undertake to preclude a determination as to whether or not there exists genuine issues of facts as to any one or more of Respondents on bases other than the existence of an attractive nuisance.
It is so ordered.
DREW, THORNAL and HOPPING, JJ., concur.
CALDWELL, C.J., dissents.