BONE INTERNATIONAL, INC. v. JOHN C. BROOKS

No. 53

(Filed 3 November 1981)

**1. Rules of Civil Procedure § 56.2— summary judgment—burden of proof**

A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim. G.S. 1A-1, Rule 56(c).

2. **Corporations § 1— repairs to corporation's trucks—conducting business as individual—genuine issue of material fact**

Plaintiff's forecast of evidence was sufficient to allow it to proceed to trial on the theory that defendant was conducting his business as an individual rather than as a corporation and was therefore personally liable to plaintiff for repairs to trucks which had been transferred by defendant to a corporation where plaintiff's evidence on motion for summary judgment tended to show that defendant agreed to pay the amount sought in the complaint and at no time during dealings with plaintiff's president contended that he did not personally owe the bills; defendant wrote two letters to plaintiff's president wherein he failed to suggest that the bill should have been addressed to the corporation and one which stated that he expected plaintiff to remit to him any surplus arising from the sale of a truck; plaintiff had never been informed that any of defendant's trucks had been conveyed to a corporation; all business transacted with defendant was transacted in the same manner as all prior business; and letters from defendant to plaintiff were on plain white paper and were signed by defendant individually and not as an agent of the corporation.

ON plaintiff's petition for discretionary review of the decision of the Court of Appeals, 51 N.C. App. 183, 275 S.E. 2d 556 (1981), affirming the entry of summary judgment for defendant by *Harrell, Judge,* at the 16 April 1980 Session of District Court, NASH County.

*Fields, Cooper & Henderson, by Milton P. Fields, for plaintiff-appellant.*

*Henson, Fuerst & Willey, P.A., by Thomas W. King, for defendant-appellee.*

CARLTON, Justice.

I.

Plaintiff filed a complaint seeking to recover for labor and parts furnished in repairing defendant's vehicles. The complaint alleged that the work was done pursuant to an express contract and on an "open account" basis. Plaintiff alleged that under the terms of the open account agreement defendant agreed to pay plaintiff the invoice price for the labor and materials furnished. Plaintiff further alleged that it had furnished labor and materials in the amount of $4,141.84 and had billed defendant for that amount and that defendant refused to pay. Plaintiff prayed that it recover the sum of $4,141.84 plus interest and costs.

Defendant answered, denying the material allegations of the complaint and alleging that the repair work for which plaintiff had not been paid was improperly done. He also moved in his answer to dismiss plaintiff's complaint on the ground that he was an employee of John C. Brooks, Inc., and at all times functioned as an employee of the corporation and not in his individual capacity. Defendant further alleged that the repairs in question were performed on trucks owned by the corporation and that he, defendant, is not a proper party to this action.

Both parties moved for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, and each presented affidavits and exhibits.

Defendant submitted an affidavit from his attorney who averred that defendant incorporated his business on or about 7, September 1976 and that the necessary papers attesting to the incorporation were filed as provided by law. He further averred that he and defendant proceeded to notify all persons doing business with defendant that the business formerly conducted as a sole proprietorship was now a corporation; that titles to motor vehicles were changed to reflect the corporate name; that a letter was sent to International Harvester Credit Corporation requesting information concerning the transfer of titles to the vehicles to the corporate name; that a reply letter was received by the attorney indicating that the transfers were being made and that a copy of the letter was being sent to an employee of plaintiff; and that numerous assets had been transferred to the corporation.

Defendant submitted exhibits indicating that the transfer of titles was made and that he subsequently had signs painted on the trucks indicating the corporate name. Defendant further averred that, since the incorporation, numerous business dealings were conducted with plaintiff for repairs of defendant's vehicles. The repair bills were paid with checks drawn on the account of John C. Brooks, Inc., and signed by John C. Brooks subsequent to the time of incorporation. The checks were submitted as exhibits. One of them was allegedly completed in the handwriting of the plaintiff's president. Defendant further averred that he at no time indicated to plaintiff's president or any agent, employee or director of plaintiff that he was anything but an employee and agent of the corporation.

In an affidavit, plaintiff's president averred that he had several discussions with defendant concerning the subject matter of this litigation, that defendant had agreed to pay the amount set forth in the complaint and that defendant at no time during the discussions had contended that he did not personally owe the bill. After these discussions, defendant wrote two letters in reply to inquiries from plaintiff's president in an individual capacity. The letters were written on plain white paper and were signed "John C. Brooks." In the letters, defendant raised no question as to proper notification of the bill nor did he indicate that the bill should have been made out to a corporation. One of the letters acknowledged that defendant had been receiving the bills and contained the statement that he was expecting plaintiff to remit to him any remaining amount arising from the sale of a truck. Plaintiff's chief bookkeeper averred that he had examined the account of the defendant with plaintiff and that at no time had defendant advised the plaintiff by letter or otherwise that the trucks involved in the lawsuit had been conveyed to a corporation. He further averred that all business transacted with or for the defendant was transacted in the same manner as all prior business.

Based on the pleadings, affidavits and exhibits, Judge Harrell directed entry of summary judgment for defendant on the ground that "there is no genuine issue as to any material facts."

Plaintiff appealed to the Court of Appeals and that court, in a unanimous decision, affirmed the trial court. We granted plaintiff's petition for discretionary review on 2 June 1981.

II.

The sole question on this appeal is whether the trial court erred in allowing summary judgment for defendant.

Rule 56(c) of the North Carolina Rules of Civil Procedure provides that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law."

An issue is genuine if it "may be maintained by substantial evidence." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518,

186 S.E. 2d 897, 901 (1972). An issue is material if, as alleged, facts "would constitute a legal defense, or would affect the result of the action or if its resolution would prevent the party against whom it is resolved from prevailing in the action." *Id.* More succinctly, a fact is material if it would constitute or would irrevocably establish any material element of a claim or a defense. *See* Louis, *A Survey of Decisions Under the New North Carolina Rules of Civil Procedure*, 50 N.C.L. Rev. 729, 736 (1972).

[1] A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979); *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974). Generally this means that on "undisputed aspects of the opposing evidential forecast," where there is no genuine issue of fact, the moving party is entitled to judgment as a matter of law. 2 McIntosh, *North Carolina Practice and Procedure* § 1660.5, at 73 (2d ed. Supp. 1970). If the moving party meets this burden, the nonmoving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. at 470, 251 S.E. 2d at 421-22; *Zimmerman v. Hogg & Allen*, 286 N.C. at 29, 209 S.E. 2d at 798. If the moving party fails to meet his burden, summary judgment is improper regardless of whether the opponent responds. 2 McIntosh, *supra.* The goal of this procedural device is to allow penetration of an unfounded claim or defense before trial. *Id.* Thus, if there is any question as to the credibility of an affiant in a summary judgment motion or if there is a question which can be resolved only by the weight of the evidence, summary judgment should be denied. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. at 470, 251 S.E. 2d at 422.

In order to satisfy this burden defendant, as the moving party here, must initially (1) prove that an essential element of plaintiff's claim is nonexistent or (2) show that a forecast of the plaintiff's evidence indicates it will be unable to prove facts giving rise at trial to all essential elements of its claim.

[2] In holding that summary judgment for defendant was proper, we think that the Court of Appeals misconstrued the gravamen of

plaintiff's action. That court discussed extensively two opinions of this Court which dealt with the liability of an individual defendant vis-à-vis the liability of his corporation. *Howell v. Smith*, 258 N.C. 150, 128 S.E. 2d 144 (1962), and *Howell v. Smith*, 261 N.C. 256, 134 S.E. 2d 381 (1964). Those decisions dealt with the liability of agents for undisclosed principals. In the second *Howell* decision, Chief Justice Sharp stated, "Ordinarily the agent who made the original purchase is not liable if the third party continues to deliver goods after acquiring knowledge of the principal's identity unless he has agreed to be personally liable." *Id.* at 260, 134 S.E. 2d at 385. The Court of Appeals concluded that plaintiff here was attempting to hold defendant liable as an agent for an undisclosed principal. The Court of Appeals stated, "Plaintiff is of course wise in seeking to characterize defendant as an agent for an undisclosed principal. Were defendant acting for a disclosed principal, plaintiff would have no case." 51 N.C. App. at 187, 275 S.E. 2d at 559. That court went on to hold that the invoices from plaintiff to defendant for services rendered in 1976 and 1977 bearing the corporate name established, as a matter of law, knowledge on the part of the agent of the plaintiff who filled out the invoice that defendant's trucking business was being carried on as a corporation and that defendant had authority to act for the corporation. Judge Clark concluded, "The knowledge of plaintiff's agent must be imputed to plaintiff." *Id.*

Reliance on the *Howell* decisions and the numerous principles of agency discussed in those decisions was, we think, misplaced. It is clear from the plaintiff's complaint, pleadings, affidavits and exhibits that plaintiff was not attempting to hold defendant liable on an agency theory. It is clear that plaintiff's complaint sought to hold defendant liable as an individual because plaintiff had continued to do business with him as an individual as it always had and because it had had no reason to believe that defendant was attempting to do business as a corporation.

In this light, therefore, the crucial question in determining whether summary judgment for defendant was proper is whether defendant established that a forecast of plaintiff's evidence indicated that plaintiff would not be able to prove facts giving rise to the claim that defendant was acting in an individual and not a corporate capacity. Plaintiff's evidence, as forecasted by his pleadings, affidavits and exhibits, clearly established a genuine

and material issue of fact as to whether defendant was acting in an individual or corporate capacity.

Plaintiff's president's affidavit tends to show that defendant agreed to pay the amount sought in the complaint and at no time during dealings with plaintiff's president contended that he did not personally owe the bill. Moreover, defendant wrote two letters to plaintiff's president wherein he failed to suggest that the bill should have been addressed to the corporation and one which stated that he expected plaintiff to remit to him any surplus arising from the sale of a truck. Also contained in one of plaintiff's affidavits was an allegation that plaintiff had never been informed that any of defendant's trucks had been conveyed to a corporation and that all business transacted with defendant was transacted in the same manner as all prior business. The letters from defendant to plaintiff were on plain white paper and were signed by defendant individually and not as an agent of the corporation.

Clearly, a genuine issue as to a material fact, whether defendant had properly notified plaintiff that his business was incorporated such that he was not personally liable for its debts, arose from this forecast of plaintiff's evidence. Whether defendant held himself out to do business individually with plaintiff or with the protection of the corporate veil is an issue for the jury. Plaintiff's forecast of evidence is clearly sufficient to allow it to proceed to trial on the theory that defendant was conducting his business as an individual and was therefore personally liable for the debt in question.

For the reasons stated, the decision of the Court of Appeals is reversed and this cause is remanded to that court with instructions to remand to the District Court, Nash County, for further proceedings not inconsistent with this opinion.

Reversed and remanded.