JAMES A. BROADWAY, ADMINISTRATOR OF THE ESTATE OF PHILLIP THOMPSON v. BLYTHE INDUSTRIES, INC., RELIANCE UNIVERSAL, INC. OF OHIO, D/B/A CAROLINA CONCRETE PIPE COMPANY, THE CITY OF CHARLOTTE, NORTH CAROLINA, AND HOWARD LISK, INC.

No. 577A84

(Filed 27 February 1985)

1. **Negligence §§ 29.3, 51— child crushed by pipes at construction site—attractive nuisance—summary judgment for defendant improper**

    In an action for the wrongful death of a child based on the theory of attractive nuisance, summary judgment should not have been entered for defendant Lisk, the common carrier which delivered and unloaded large concrete storm drainage pipe at a construction site, where plaintiff's evidence tended to show that Lisk placed the pipes on an incline within the construction site some five to fifteen feet from the edge of a street on which, on the other side, stands a housing project; that Lisk was warned that there were children nearby and that they would likely play on the pipes; that unsecured pipes of the size and weight left at the site by Lisk involved an unreasonable risk of death or serious bodily harm to children who might play on them; that children would not realize the risk of being hurt by playing on the pipes; that the pipes could easily have been secured from playing children; and that Lisk failed to exercise reasonable care to eliminate the danger or otherwise to protect the children.

2. **Negligence § 36— intervening negligence—issue not fully developed—summary judgment improper**

    In an action for the wrongful death of a child crushed by a drainage pipe at a construction site, it could not be held upon the materials before the trial court that the negligence of the general contractor insulated as a matter of law the common carrier which delivered and unloaded the pipe where the common carrier had not filed an answer and the issue of insulating negligence had not been fully developed by the parties.

Justice VAUGHN did not participate in the consideration or decision of this case.

ON appeal by plaintiff from a decision by a divided panel of the Court of Appeals reported at 70 N.C. App. 435, 320 S.E. 2d 295 (1984), affirming summary judgment for defendant Howard Lisk, Inc., entered by *Snepp, J.,* in Superior Court, MECKLENBURG County, on 6 July 1983. Heard in the Supreme Court 6 February 1985.

*Ferguson, Watt, Wallas & Adkins, by James E. Ferguson II,* for plaintiff appellant.

*Golding, Crews, Meekins, Gordon & Gray, by Frederick C. Meekins and Henry C. Byrum, Jr., and Henry T. Drake for Howard Lisk, Inc.,* defendant appellee.

MARTIN, Justice.

On or about 10 January 1982, five-year-old Phillip Thompson was crushed to death when a large concrete storm drainage pipe, weighing approximately eighteen hundred pounds and measuring approximately four feet in length, rolled over him as he and other young children played about the pipes. This pipe and others had been delivered on or about 31 December 1981 by Howard Lisk, Inc. ("Lisk"), a common carrier, to the construction site across the street from the public housing project where Phillip lived. Employees of Lisk's unloaded the pipes from their truck by use of a hydraulic lift on the rear of the truck. While they were unloading, Todd Bowman, an employee of Blythe Industries, Inc. ("Blythe"), the general contractors for the construction project, was also present. The pipes were unloaded onto sloping ground. The evidence is conflicting as to whether the pipes were chocked or secured to prevent them from rolling once they were unloaded.

Many children lived across the street from the construction site. Diane Pridgen, a woman living nearby, testified that she observed the people unloading the pipes at the end of December 1981: "I noticed that the men had done nothing to secure the pipes. As they started to leave, I told them there were children here and weren't they going to do anything to secure the pipes. They just looked at me and drove off." Todd Bowman also testified that there were "[k]ids everywhere. . . . They were run off

the pipe when the pipe was unloaded and told not to get back on it." Asked why he ran the children off the pipe, Mr. Bowman answered: "Because it was dangerous to be up on pipe like that." Ms. Pridgen also testified that: "From [the] time [the pipes were delivered] until the time Phillip Thompson was injured by one of those same pipes on Saturday, January 9, 1982, there was nothing placed [around or near the pipes] by anyone to keep them from rolling. After Thompson was injured, the pipes were secured by some wooden stakes."

The sole issue in this negligence case is whether summary judgment was properly entered for defendant Lisk. We have determined that the Court of Appeals erroneously affirmed the summary judgment and, accordingly, reverse.

The law is succinctly stated in *Bone International, Inc. v. Brooks*, 304 N.C. 371, 375, 283 S.E. 2d 518, 520 (1981):

> A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979); *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974). Generally this means that on "undisputed aspects of the opposing evidential forecast," where there is no genuine issue of fact, the moving party is entitled to judgment as a matter of law. 2 McIntosh, *North Carolina Practice and Procedure* § 1660.5, at 73 (2d ed. Supp. 1970). If the moving party meets this burden, the non-moving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. at 470, 251 S.E. 2d at 421-22; *Zimmerman v. Hogg & Allen*, 286 N.C. at 29, 209 S.E. 2d at 798. If the moving party fails to meet his burden, summary judgment is improper regardless of whether the opponent responds. 2 McIntosh, *supra*. The goal of this procedural device is to allow penetration of an unfounded claim or defense before trial. *Id.* Thus, if there is any question as to the credibility of an affiant in a summary judgment motion or if there is a question which can be resolved only by the

weight of the evidence, summary judgment should be denied. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. at 470, 251 S.E. 2d at 422.

The standard for summary judgment is fixed by Rule 56(c) of the North Carolina Rules of Civil Procedure. The judgment sought shall be rendered forthwith if the pleadings and other materials before the trial judge show that there is no genuine issue of material fact and that any party is entitled to a judgment as a matter of law. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). In the present case, the defendant, as the moving party, must prove that an essential element of plaintiff's claim is nonexistent or show that a forecast of plaintiff's evidence indicates an inability to prove facts giving rise at trial to all essential elements of his claim.

[1] Plaintiff's cause of action against Lisk rests on the so-called "attractive nuisance" rule which was explained in *Briscoe v. Lighting and Power Co.*, 148 N.C. 396, 411, 62 S.E. 600, 606 (1908):

> It must be conceded that the liability for injuries to children sustained by reason of dangerous conditions on one's premises is recognized and enforced in cases in which no such liability accrues to adults. This we think sound in principle and humane policy. We have no disposition to deny it or to place unreasonable restrictions upon it. We think that the law is sustained upon the theory that the infant who enters upon premises, having no legal right to do so, either by permission, invitation or license or relation to the premises or its owner, is as essentially a trespasser as an adult; but if, to gratify a childish curiosity, or in obedience to a childish propensity excited by the character of the structure or other conditions, he goes thereon and is injured by the failure of the owner to properly guard or cover the dangerous conditions which he has created, he is liable for such injuries, provided the facts are such as to impose the duty of anticipation or prevision; that is, whether under all of the circumstances he should have contemplated that children would be attracted or allured to go upon his premises and sustain injury.

*Accord Green v. Duke Power Co.*, 305 N.C. 603, 609, 290 S.E. 2d 593, 597 (1982). *See generally* W. Keeton, *Prosser and Keeton on The Law of Torts* § 59 (1984).

As set forth in Restatement (Second) of Torts § 339 (1965), generally the elements of an action based on a theory of attractive nuisance are as follows:

§ 339. Artificial Conditions Highly Dangerous to Trespassing Children

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

*See Green v. Duke Power Co.,* 305 N.C. 603, 290 S.E. 2d 593. *See also* 9 Strong's N.C. Index 3d *Negligence* § 51 (1977).

Although Lisk was not a possessor of the construction site, it still can be held liable under the attractive nuisance rule. As the Supreme Court of Connecticut explained:

Section 384 of the Restatement (Second), 2 Torts, states that "[o]ne who on behalf of the possessor of land erects a structure or *creates any other condition on the land* is subject to the same liability, and enjoys the same freedom from liability, as though he were the possessor of the land, for physical harm caused to others upon and outside of the land by the dangerous character of the structure or other condi-

tion while the work is in his charge." (Emphasis added.) Accord, *Coggins v. Hanchette*, 52 Cal. 2d 67, 74, 338 P. 2d 379; *Dishington v. A. W. Kuettel & Sons, Inc.*, 255 Minn. 325, 329-30, 96 N.W. 2d 684; see *Greene v. DiFazio, supra* [148 Conn. 419, 171 A. 2d 411 (1961)]. This is consistent with our views expressed in *McPheters v. Loomis*, 125 Conn. 526, 533, 7 A. 2d 437, that one upon land under a grant or license from the owner is subject to the same rules of liability which define the duty of the landowner. Under this principle, those, like the defendants, who create a condition on the land on behalf of the possessor generally owe no duty of care to any trespasser to safeguard him from injury due to conditions for which they are responsible. *McPheters v. Loomis, supra*, 531, 7 A. 2d 437; *Wilmot v. McPadden*, 79 Conn. 367, 375, 65 A. 157. On the other hand, once those who create a condition upon the land on behalf of the possessor know or should know that children are likely to trespass upon that part of the land on which they maintain a condition which is likely to be dangerous to them, they may, like the owner, be liable for harm resulting to them therefrom. *McPheters v. Loomis, supra*, 125 Conn. 531-33, 7 A. 2d 437; *Wolfe v. Rehbein*, 123 Conn. 110, 113, 193 A. 608.

*Duggan v. Esposito*, 178 Conn. 156, 159-60, 422 A. 2d 287, 289 (1979) (subcontractor who left pipes on truck in driveway at construction site liable for injury of child hurt by pipes). *See also Butler v. Porter-Russell Corporation*, 217 So. 2d 298 (Fla. 1968). In the instant case there is no evidence controverting Diane Pridgen's statement in her affidavit that she told the men who delivered the pipes that there were children nearby and that they should therefore secure the pipes. For the purpose of determining whether summary judgment was properly entered for Lisk, we must assume that Lisk knew that children were nearby and that they would likely play on the pipes.

For Lisk to be entitled to summary judgment in the present lawsuit, Lisk must establish either (1) that an essential element of plaintiff's claim is nonexistent, or (2) that plaintiff cannot produce evidence to support an essential element of his claim. *E.g., Brown v. Fulford*, 311 N.C. 205, 316 S.E. 2d 220. The essential elements of a claim for damages for wrongful death based on a theory of attractive nuisance are set forth above. We are satisfied that plain-

tiff has brought forward sufficient evidence to support every essential element of his claim.[1] This evidence tends to show, inter alia, that Lisk placed the pipes on an incline within the construction site some five to fifteen feet from the edge of a street on which, on the other side, stands a housing project; that Lisk was warned that there were children nearby and that they would likely play on the pipes; that unsecured pipes of the size and weight left at the site by Lisk involved an unreasonable risk of death or serious bodily harm to children who might play on them; that children would not realize the risk of becoming hurt by playing on the pipes; that the pipes could easily have been secured from playing children; and that Lisk failed to exercise reasonable care to eliminate the danger or otherwise to protect the children.[2] We hold that this forecast of the evidence discloses genuine issues of material facts which require resolution by a jury. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823. Therefore, for this reason it was error to enter summary judgment in favor of Lisk. *See Butler v. Porter-Russell Corporation*, 217 So. 2d 298 (error to enter summary judgment in favor of builder, trucker who delivered concrete blocks, and materialman who supplied blocks, which blocks fell on trespassing child).

[2]  Lisk also argues that plaintiff is prevented from recovering from it because the negligence of defendant Blythe Industries, Inc. in failing to secure the pipes insulated Lisk from liability. In order for the conduct of Blythe to break the sequence of events and stay the operative force of the negligence of Lisk, the intervening conduct must be of such nature and kind that Lisk had no reasonable ground to anticipate it. *Riddle v. Artis*, 243 N.C. 668, 91 S.E. 2d 894 (1956). *Accord McNair v. Boyette*, 282 N.C. 230, 192 S.E. 2d 457 (1972); *Brown v. R.R. Co. and Phillips v. R.R. Co.*, 276 N.C. 398, 172 S.E. 2d 502 (1970); *Butner v. Spease and Spease v. Butner*, 217 N.C. 82, 6 S.E. 2d 808 (1940). *See also Vaughan v. Silica Corp.*, 140 Ohio St. 17, 42 N.E. 2d 156 (1942) (contractor who left dynamite on premises liable to trespassing child

---

1. A fortiori Lisk has failed to establish that an essential element of plaintiff's claim is nonexistent.

2. Lisk has produced evidence tending to show that when the pipes were delivered they were chocked to prevent them from rolling. Plaintiff's evidence is to the contrary. This, of course, presents a material question of fact for the jury to resolve.

who discovered and was injured by same eight months later). Generally, whether the negligence of a second actor insulated that of another is a question for the jury. *Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. 227, 311 S.E. 2d 559 (1984); *Moore v. Beard-Laney, Inc.*, 263 N.C. 601, 139 S.E. 2d 879 (1965).[3]

Lisk has not filed an answer in this case. Therefore, there are no allegations by Lisk that Blythe was negligent and that such negligence insulated Lisk from liability. Likewise, Blythe has had no opportunity to respond to such allegations, although Blythe denied plaintiff's allegations that it negligently failed to secure the pipes. The issue with respect to insulating negligence has not been fully developed by the parties. Certainly, upon the materials before the trial judge, we cannot hold as a matter of law that negligence by Blythe insulated Lisk from liability for Phillip Thompson's death.

The decision of the Court of Appeals is

Reversed.

Justice VAUGHN did not participate in the consideration or decision of this case.

———————

3. For a thorough review of the law respecting insulating negligence, see *Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. 227, 311 S.E. 2d 559 (1984).